No. 2461.

## GEORGE ROBINSON *v.* THE STATE.

1. AGGRAVATED ASSAULT.—INFORMATION, to be sufficient to charge an offense against the laws of this State, must be predicated upon an affida·vit or complaint which in substance charges the same offense as that charged in the complaint.

2. SAME—FACT CASE.—That the accused was an adult male, and that he assaulted a female, was the aggravation charged in the information. The evidence fails to show that the accused was an adult male, and therefore it is insufficient to support the conviction.

3. SAME.—THE PENALTY assessed in this case was a fine of five hundred dollars and confinement in the county jail for the period of twelve months. Held that, in view of the evidence in the case, the penalty was excessive.

APPEAL from the County Court of Jackson.     Tried below before the Hon. J. S. McNutt, County Judge.

This conviction was for an aggravated assault upon the person of Matilda Jones, a female, and the penalty imposed was a fine of five hundred dollars and confinement in the county jail for a period of twelve months.

Matilda Jones testified, for the State, that on the twenty-second day of December, 1887, she was in the employ of Doctor F. B. Owens's family as cook. On the night of that day, the defendant, apparently very much under the influence of drink, came to Doctor Owens's kitchen and became involved in a dispute with Calvin Patterson, during which he became very noisy and turbulent. He once fell to the floor from his chair. Witness made several attempts to get him to keep quiet, and to abandon his quarrel with Patterson. Failing in those efforts,

she went to Doctor Owens and reported the facts to him. Doctor Owen came to the kitchen and ordered the defendant to leave, and he left the kitchen. John and Jennie Norman were in the kitchen at the time. Shortly after Doctor Owens ordered defendant to leave, witness had occasion to go down stairs from the kitchen, which was up stairs. She found defendant at the foot of the stairs, and, as she passed him, he said to her: "Wait; stop!" Witness replied that she "didn't have to." Defendant said "By God, I will see whether you do or not!" He then reached out his hand and caught the skirt of witness's dress, tore it off and nearly jerked witness down. Witness supposed that defendant wanted to go home with her, but as he was drinking, she did not want his escort.

Cross examined, the witness said that defendant neither struck nor attempted to strike her. He merely seized her dress and tore it off, very nearly throwing her down. Witness told counsel for the defense that defendant acted very much like he was drunk, and fell from a chair before he was ordered out of the kitchen by Doctor Owens; but she did not tell the counsel nor anybody else that she did not think the defendant intended to do her any injury. The witness thought that the defendant only wanted to go home with her, which, as he was drinking, the witness did not want him to do. Witness said that on several occasions previous to the night of this occurrence, the defendant escorted her to her home, but on the last occasion he did so, she told him that she did not want him to go with her any more. On her re-examination, the witness said that, although the defendant did not strike nor attempt to strike her, his conduct was such as to make her fear that he might do her some bodily harm.

The State rested.

John Norman was the first witness for the defense. He testified that he was in Doctor Owens's kitchen on the night referred to by the witness Matilda Jones. Witness's wife, Jennie, was also present. Defendant and Patterson got into a dispute, during which defendant used some oaths. Matilda Jones tried to get him to desist, but he, being somewhat in drink, did not pay any attention to Matilda's protests against his oaths. About the time that defendant fell off his chair Matilda left the kitchen, and soon returned with Doctor Owens, who ordered the defendant to leave. Matilda afterwards left the kitchen, and returned again after a short absence. Witness did not know what transpired outside of the kitchen during her absence. When Matilda

finished her work she, witness and witness's wife started home. They found the defendant at the foot of the steps, and he went home with them.

On his cross examination, the witness said that it was a cold, dark night. He did not see defendant strike, nor attempt to strike, Matilda. He saw nothing of the taking hold of Matilda's dress, nor of the pulling of it off by defendant. Defendant cursed considerably on the way home, and remarked to Matilda Jones that he had a hundred and fifty dollars to spend on such women as she was. Matilda used some oaths herself on the way home. The defendant did not attempt to walk with Matilda on the way home. He walked on one side of the witness, and Matilda walked on the other. Jennie Norman testified, for the defense, substantially as John Norman did.

The motion for new trial raised the questions discussed in the opinion.

*W. H. Coleman* and *J. D. Owen*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

HURT, JUDGE. This appeal is prosecuted from a conviction for aggravated assault. Omitting the formal allegations, the information charges "upon the affidavit herewith filed of Matilda Jones, that the said George Robinson * * * did make an assault upon her, the said Matilda Jones, the said Robinson being then and there an adult male, and the said Matilda Jones being then and there a female." The affidavit charges that George Robinson "did then and there unlawfully make an assault upon her, the said Matilda Jones."

It was insisted, upon motion in arrest of judgment, that the affidavit did not support the information, in that it did not charge that Robinson was an adult male. The objection to the complaint is that it charges only a simple assault, and that the information charges an aggravated assault.

We have examined the cases decided by this court bearing remotely upon this question, but find no authority from any of them to authorize the State's counsel to present a different offense from that charged in the complaint. Aggravated assault has its elements, and is a different offense from what is known as a simple assault; and an information for this offense must be based upon a complaint charging such offense in substance.

The evidence fails to support the verdict, because it is not shown that the defendant was an adult male.    While the age of the accused may be proven by circumstantial evidence, still there must be evidence clearly showing that the accused was, at the time of the assault, an adult male.    This record furnishes no proof upon this point.

The verdict fixed the punishment at a fine of five hundred dollars and twelve months in the county jail.    In view of the evidence found in the record before us, we are of opinion that the verdict was excessive, and that the court should have awarded defendant a new trial upon this ground.    The judgment is reversed and the cause remanded.

*Reversed and remanded.*