## AUSTIN TERM, 220.

EX PARTE ED. WILSON.

No. 4618.  Decided March 17, 1909.

**City Charter and Ordinance—Violation of Street Ordinance—Habeas Corpus—Constitutional Law.**

Where relator was charged by complaint of a violation of a city ordinance for having and keeping on the public street a certain vehicle for hire, etc., he was correctly remanded to custody on habeas corpus proceedings. Following Kissinger et al. v. Hay et al. (Texas Civ. App.) 113 S. W. Rep., 1005.

Appeal from the County Court of Dallas County at Law.  Tried below before the Hon. W. M. Holland.

Appeal from habeas corpus proceedings asking release from commitment under a charge of a violation of a city ordinance prohibiting the keeping of vehicles on the streets of said city.

The opinion states the case.

*Parks & Scott, W. L. Thornton* and *J. M. Overstreet,* for appellant. —Appellant avers that the ordinance under which he is restrained of his liberty appears upon its face to be unconstitutional, illegal, and of no force or effect and that the County Court of Dallas County at Law erred in remanding him to the custody of the officer, and in not discharging him and granting him his liberty for the following reasons, among others, namely:  First.  Said ordinance is violative of art. 14, sec. 1, of the Amendments of the Constitution of the United States, it being provided by art. 14, sec. 1, aforesaid that "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction equal protection of the law;" and section 3 of said ordinance hereinbefore set out vests in the Board of Commissioners of the city of Dallas such discretionary power as that said Commis-

sion may grant to one person a license and refuse another under the same circumstances, and no law or ordinance can be valid under said provision of the Constitution which authorizes a Board of Commissioners to grant or refuse the license or permit to do business in any given case at their mere pleasure. Authorities: City of Plymouth v. Schultheis, 35 N. E. Rep., 12; Yick Wo v. Hopkins, 118 U. S., 356; Bessonies v. City of Indianapolis, 71 Ind., 189; City of Richmond v. Dudley, 129 Ind., 112, 28 N. E. Rep., 312; State v. Marshall, 24 So. Rep., 187; City of Chicago v. Netcher, 55 N. E. Rep., 707; Frorer v. People, 141 Ill., 171, 31 N. E. Rep., 395, 16 L. R. A., 492; Ramsey v. People, 142 Ill., 380, 32 N. E. Rep., 364, 17 L. R. A., 853; Braceville Coal Co. v. People, 147 Ill., 66, 35 N. E. Rep., 62, 22 L. R. A., 340; Cooly Constitutional Lim., 393; City of Chicago v. Rumpff, 45 Ill., 90; Jannin v. The State, 51 S. W. Rep., 1127.

Second. Section 5 of the ordinance under which appellant is held is violative of art. 1, sec. 19, of the Constitution of the State of Texas, which section of the Constitution provides: "No citizens of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised except by the due course of the law of the land," whereas, it is provided by section 5 of said ordinance: "That each person to whom a permit may be granted may use and occupy the public stand mentioned in said permit, subject to and in compliance with the hereinafter stated conditions. And if the Board of Commissioners should be satisfied at any time after the granting of said permit, that the applicant or any person working for him using said public stand, is wilfully violating any of the rules or conditions of this ordinance, said Board shall have the right to revoke said permit, and order said person to discontinue the use of said public stand to which said permit was granted."

That section of the ordinance is also violative of art. 2, sec. 1, of the Constitution of Texas, in that it is an attempt on the part of the Board of Commissioners to legislate on a question, and thereafter judicially determine as to whether or not its own legislation has been violated to the extent that it may judicially determine with reference to the question involved. And said section of said article is also violative of article 5, section 1, of the Constitution of the State of Texas, because by the terms of said article and section of the Constitution and the amendments thereof, all judicial power of this State is vested in one Supreme Court, in Courts of Civil Appeals, a Court of Criminal Appeals, District Courts, County Courts, Commissioners Courts, Courts of Justices of the Peace, and in such other courts as may be established by law, and the question as to whether or not a permit should or should not be granted for a violation of any of the rules or conditions of the ordinance, by the Board of Commissioners, necessarily involves a judicial de-

termination. Tiedeman's Limitations of Police Power, sec. 122a, page 427; State v. Marshall, 24 So. Rep., 186; Grossman v. City of Oakland, 41 Pac. Rep., 5 and 6; City of Chicago v. Netcher, 55 N. E. Rep., 707; Ex parte Battis, 40 Texas Crim. Rep., 112, and the authorities hereinbefore cited.

Third. The ordinance under which appellant is held, by its terms, gives to the Commissioners the discretion and power to say who shall and who shall not have a permit under the same, thereby authorizing the Commissioners at their mere pleasure to create a monopoly in the matter of granting and refusing permits, which power and discretion vested in a Board of Commissioners is contrary to public policy, and the fundamental principle of the State and Federal Government. City of Chicago v. Rumpff, 45 Ill., 90; City of Chicago v. Netcher, 55 N. E. Rep., 707; City of Plymouth v. Schultheis, 35 N. E. Rep., 12; Yick Wo v. Hopkins, 118 U. S., 356.

Said ordinance is void because unreasonable and oppressive in both the hours fixed for the standing of hacks and in the greatness of the extent of the territory in which petitioner is prohibited from standing hacks between the hours of 8:00 o'clock a. m. and 7:00 o'clock p. m. of each day. Tiedeman's Limitations of Police Power, sec. 122a, pages 427, 428, 429, and the authorities there cited. Ex parte Battis, 40 Texas Crim. Rep., 112.

*F. J. McCord,* Assistant Attorney-General, for the State, and *Jas. J. Collins* and *Jno. C. Robertson,* for the city of Dallas.—Appellant makes no complaint concerning the operation of ordinance as it is practically applied, nor complains that he was ever denied any permit by the municipal government or ever applied for one as provided by the ordinance. Appellant's sole complaint is based upon the invalidity of the ordinance.

Said ordinance being passed under an expressed power in the city charter, and being a police regulation seeking to regulate the standing of vehicles and the use of vehicles let for hire on the public streets of the city does not come within the inhibition of art. 14, of sec. 1, of the Amendments to the Constitution of the United States, but the same is a proper and a valid exercise of the police powers conferred upon the city of Dallas. Kissinger v. S. J. Hay et al., 113 S. W., 1005 (Texas Civ. App.). Subdivision 4 of sec. 7 of the charter of the city of Dallas (being a special Act of 1907) and sec. 43, art. 14, of the charter of the city of Dallas (being special Acts of 1907); Wilson v. Eureka City, 173 U. S., 32; L. Ed., pp. 35-7; N. Y. ex rel. Lieberman v. Van DeCarr, 199 U. S., 552; Fischer v. St. Louis, 194 U. S., 361; L. Ed., 369; Grundling v. Chicago, 177 U. S., 183; 44 L. Ed., 725; Davis v. Mass., 167 U. S., 43, 42 L. Ed.; Nightingale, Petitioner, 11 Pick., 168; Cooley on Con. Limitations, p. 871, 7 ed., line 14 from top of page.

No person has an absolute right to use and occupy a portion of a public street as a stand for the carrying on and the conduct of his business, as such use is a diversion of the public street, and the government, in the exercise of its control over such streets is vested with the sole power of determining the uses to which the streets may be put and especially how far portions of streets may be used for stands and may annex conditions to the occupying of any such streets for a stand. Kissinger v. S. J. Hay et al., 113 S. W., p. 1005; Abbott's Mun. Law, vol. 3, secs. 886, 887, p. 2052; Elliott on Roads and Streets, sec. 848, p. 923.

The maintenance of a hack stand in a public street is not a right belonging to the owner of such hack, but is merely a privilege allowed by the government under such terms as it chooses to impose and it is not incompetent for the Board of Commissioners to reserve to themselves the right of revoking any permission obtained for the use of such streets when violated by the person exercising the permission. Such is the ordinary and usual exercise of the police power. Cooly on Con. Lim., p. 871, 7th ed., line 14 from top of page; Crowley v. Christensen, 137 U. S., 91, 34 L. Ed.; N. Y. ex rel. Lieberman v. Van DeCar, 199 U. S., p. 552, L. Ed.; Williams v. State, 107 S. W., p. 1121; Wade v. Nunnelly, 19 Texas Civ. App., 256, 46 S. W., 668; Elliott on Roads and Streets, 2d ed., secs. 645, 646, 647-8, p. 690-5; Newsome v. Galveston, 76 Texas, 559, 13 S. W., 368.

The ordinance in question having been passed under an express power of the charter and having for its purpose the regulation of public streets by the Board of Commissioners in the exercise of the police power, the same is not invalid because it invests the Commissioners with the authority to refuse or grant permits, nor does it create a monopoly as such terms are used and known to law. Kissinger v. S. J. Hay et al., 113 S. W., p. 1005. See Provisions of City Charter as set forth in said opinion. Also see authorities cited under First Counter Proposition. Cooley on Con. Lim., p. 871, 7th ed., line 14 from top of page.

The record fails to disclose wherein the portion of the ordinance complained of by appellant is oppressive upon appellant or makes unreasonable or arbitrary exactions. The presumption in the absence of overpowering proof is that the ordinance is valid. Ex parte Garza, 28 Texas Crim. App., 381-386, 13 S. W., 779; Ex parte Gregory, 20 Texas Crim. App., 210, 224; McQuillean Mun. Ord., sec. 275.

The ordinance having been passed under an express power of a charter its reasonableness is presumed and the same is not subject to an attack by appellant in this court. Ex parte Levine, 46 Texas Crim. Rep., 364, 81 S. W., 1206; Ex parte Vance, 42 Texas Crim. Rep., 619; sec. 43, art. 14, Special Acts 1907.

Appellant has no protected right to use the public streets as a

public stand, nor to divert the use of such streets from the public's accommodation. Therefore, it is entirely competent for the city of Dallas, for the safety of public travel, to prohibit, between certain hours, the occupancy of portions of its public streets as stands. Ex parte Battis, 40 Texas Crim. Rep., 112, 48 S. W., p. 513; Ex parte Henson, 49 Texas Crim. Rep., 147, 90 S. W., p. 874.

The ordinance does not prohibit a reasonable use of the streets by appellant in the conduct of his business, but it does withhold from him the privilege of occupying and appropriating portions of the public ways for his private use. Section 2 of the ordinance defines the term "Public Stand," as is meant by the ordinance, and the same is a valid exercise of the police power of the city over its streets in prohibiting encroachments and obstructions on the same and regulating the use of said streets. Subdivision 4, sec. 7, Special Acts, 1907; Sec. 43, art. 14, Special Acts, 1907; Sec. 2, of the ordinance, Tr., p. 3; Ex parte Battis, 40 Texas Crim. Rep., 112, 48 S. W., p. 513; Ex parte Vance, 42 Texas Crim. Rep., 619, 62 S. W., p. 568; Ex parte Henson, 49 Texas Crim. Rep., 147, 90 S. W., p. 874.

The ordinance appears to be passed pursuant to an express power conferred by the Legislature upon the city of Dallas in the exercise of its police power over the streets of the city and is, therefore, a valid exercise of the police power. Kissinger v. S. J. Hay et al., 113 S. W., p. 1005; Ex parte Battis, 40 Texas Crim. Rep., 112, 48 S. W., p. 513.

Appellant having been arrested upon complaint for a violation of two sections of the law or ordinance, namely, sections 1 and 2 thereof, the court is restricted to the validity or invalidity of such sections in this case as it appears that no other sections of the ordinance are involved. Cooley's Con. Lim., 7th ed., sec. 2, chap. 7, p. 231.

BROOKS, JUDGE.—Appellant was arrested for violating an ordinance, entitled "An ordinance regulating the standing of move wagons, express wagons, hacks and other vehicles let for hire upon the public streets of the city of Dallas, providing for a license and prescribing a penalty."

Complaint was filed against appellant charging that he unlawfully used and occupied a portion of a public street as a public stand within certain bounds, namely, Akard Street, between Commerce Street and Main Street, between the hours of 8 o'clock a. m. and 7 o'clock p. m., by having and keeping thereon a vehicle for hire, to wit: a public hack and vehicle, and further charged him with having used said portion of said street for said purpose and appropriated the same, etc.

Appellant sued out a writ of habeas corpus before the honorable County Court of Dallas County, and upon hearing of said writ of

habeas corpus before the County Court he was remanded to custody, and from which judgment he appeals to this court.

This case in all of its bearings is an exact counterpart of the case that was decided by the Court of Civil Appeals of this State in the opinion rendered in the case of Kissinger et al. v. Hay et al., 113 S. W. Rep., 1005. There, in a very exhaustive, accurate and proper decision of all of the questions here raised, the court held against all of appellant's contentions. We adopt said decision as the opinion of this court on the questions herein raised, and appellant is therefore remanded to the custody of the officer.

The judgment is in all things affirmed.

*Affirmed.*

[Rehearing denied April 14, 1909.—Reporter.]