## JOE BURROWS V. THE STATE.

No. 21073.  Delivered May 22, 1940.
On Reinstatement of Appeal, June 12, 1940.
Rehearing Denied October 16, 1940.

The opinion states the case.

*E. C. Stovall,* of Canton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is possessing whisky in a dry area for the purpose of sale; the punishment, a fine of $1,000.00.

The recognizance is fatally defective in that it shows that appellant stands charged with a misdemeanor. There is no statement in the recognizance that appellant has been convicted. Under the circumstances, this court is without jurisdiction.

It appears that no judgment of conviction was carried into the minutes of the court. The record shows a docket entry. This is not sufficient to confer jurisdiction on this court. A formal judgment of conviction should have been carried into the minutes of the court.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON REINSTATEMENT OF APPEAL.

GRAVES, Judge.

Appellant was convicted by the court upon a plea of guilty to a violation of the liquor laws of this State, and was by the court sentenced to pay a fine of $1,000.00.

This appeal has been heretofore dismissed because of a failure to show therein a final judgment, and attention was called in said dismissal to a defect in the recognizance.

The proper judgment now appears to have been entered, and a proper recognizance is also here present.

The only complaint offered for a reversal of this judgment is relative to the amount of the fine, same being the highest fine permitted by law for this offense. Appellant sets forth in his brief that when he pleaded guilty to this charged offense before the county judge, he expected to pay a fine therefor, but did not expect the fine assessed against him to be so large, and he says that such punishment was cruel and excessive, and violated Art. 7, C. C. P., as well as Art. 1, Sec. 13 of the State Constitution, which prohibits the imposition of excessive fines.

The usual rule, long established, is thus declared by Mr. Branch on page 334 in his Penal Code:

"When the verdict has received the approval of the trial court, and the punishment imposed is within the limits pre-

scribed by the statute, it will not ordinarily be held excessive on appeal," citing numerous cases.

Appellant cites us to the case of Robinson v. State, 7 S. W. 531, which was a case of aggravated assault by an adult male upon a female. There was testimony only that the accused caught the female by the sleeve and she jerked aloose and tore the sleeve. This was all the assault proven. The accused was awarded a penalty of a fine of $500.00 and twelve months in jail. This court said that such punishment was excessive, but the cause was reversed on a further point, and that was a failure in correspondence between the allegations in the complaint and information, as well as the excessiveness of the verdict.

We are also cited the case of Calhoun v. State, 214 S. W. 335, which was a death penalty awarded for the rape of a white woman by a negro. The court therein reviewed the testimony at great length, and on account of the severity of the penalty and the various contradictions and weaknesses of the State's testimony a new trial was granted, more on account of the unsatisfactory condition of the facts rather than the excessiveness of the verdict.

It is here observed that the sentence of appellant, while rather onerous, is not as great as could have been pronounced upon him; he could have been given a two year jail penalty; and under the record as here presented we do not think we have the power to set the verdict aside as excessive.

The former opinion herein dismissing this appeal is set aside, the appeal is re-instated, and the judgment is affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant moves for a rehearing, asserting that the State's motion requesting entry of a nunc pro tunc judgment was filed on May 27, 1940, and notice of said motion served on appellant the same day, and that the hearing on said motion was had on May 28, 1940, and the nunc pro tunc judgment entered that day. It is appellant's position that he was entitled to three days' notice. He seems to reach the conclusion that any judgment entered prior to the expiration of the three days would be a nullity. In this we think appellant is in error. If he had interposed objection to the court acting on the motion before the three days had expired we would have a different question. In Madison v. State, 17 Tex. Cr. R. 479——one of the cases

upon which appellant relies,—the court undertook to enter the judgment nunc pro tunc over accused's objection before the three days' notice expired. In the present case the judgment recites that appellant was present when the motion was acted upon and the judgment entered. No objection to the court's action was interposed. Art. 11 C. C. P., as amended in 1931, reads as follows:

"The defendant in a Criminal prosecution for any offense, may waive any right secured him by Law except the right of a trial by a Jury in a felony case when he enters a plea of not guilty."

Appellant could waive the three days' notice. Presumably the court would not have acted on the motion at the time he did unless appellant had waived the three days.

The motion for rehearing is overruled.