# OCTOBER 17, 1945

ROBERTO CAMPOS V. THE STATE.

No. 23224. Delivered October 17, 1945.

The opinion states the case.

*Joseph J. Roybal,* of El Paso, for appellant.

*Roy J. Jackson,* District Attorney, of El Paso, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is death.

The record is before us without any bills of exception or any objections to the court's charge. His only complaint is that under the evidence the punishment assessed against him is excessive.

The court, upon being advised that appellant was without counsel and unable to employ one, appointed Joseph J. Roybal, a practicing attorney, to represent appellant on his trial.

The evidence adduced by the State upon the trial, briefly stated, shows that both appellant and deceased had come to this state from Mexico a short time prior to the commission of the alleged offense; that both were employed as farm hands by Lee Talley. They lived in houses provided by Mr. Talley for his employees. At the time of the offense, appellant had worked for Mr. Talley about one month while the deceased had worked approximately three months. The deceased was known to have a considerable sum of money for a farm hand which he carried on his person. On the day in question the deceased was ill and remained in his room while appellant was out working near the house occupied by the deceased. About 3:00 or 3:30 P. M., Mr. Talley, accompanied by his brother, Lester Ray Talley, went to the house occupied by the deceased for the purpose of getting a spring from the door lock with which he intended to repair a lock on his dwelling-house. When they entered the room, Mr. Talley observed the deceased lying on the floor and also noticed blood on the floor near the stove. He immediately reported his discovery to the officers who made an investigation. An examination of the body disclosed the fact that deceased had a hole in the back of the head apparently made with an instrument such as a pick.

Appellant, after being warned by the sheriff as required by law, made a voluntary confession in which he admitted that he killed the deceased with a pick and then robbed him of all his money, consisting of a ten-dollar bill and six five-dollar bills, besides some coin. This money was found in the possession of the appellant. In his voluntary confession to the sheriff, appellant stated that he took the handle out of the pick and held the pick behind him when he went to kill the deceased; that when he entered the room where the deceased was sitting near a stove he (appellant) said: "Howdy"; that deceased slightly turned his head and said: "You dirty s-- of a b----"; that before deceased could arise he struck him in the back of the head with the sharp point of the pick. To the same effect is appellant's statement made to the Justice of the Peace at the examining trial. The officers found what appeared to be blood stains on appellant's

clothes which he was wearing at the time of the commission of the alleged offense. These clothes were sent to the Department of Public Safety at Austin. An examination of the same by a chemist disclosed the fact that it was human blood.

Appellant did not testify or offer any defense. On the contrary, he entered a plea of guilty and persisted in entering such plea notwithstanding the court admonished him as required by law of the consequences of the same, and after having satisfied himself that the defendant was sane and that he was not influenced to make the plea by any consideration of fear, nor by any persuasion or delusive hope of pardon prompting him to confess his guilt, the court received the plea and instructed the jury to find appellant guilty as charged in the indictment.

According to appellant's voluntary confession, he had conceived the idea of killing the deceased and prepared the means with which to do so on the morning of the day on which he committed the offense because when he went to the room of the deceased he held the pick behind him so that the deceased would not notice it and then struck him with the sharp point of it on the back of the head inflicting the fatal wound after which he took the deceased's money and appropriated it to his own use. This fact can logically lead to but one conclusion and that is that the appellant's motive for the offense was robbery. Even if it should be conceded that the deceased made the remark, "You dirty s-- of a b---", this was not the inducing cause for the assault because appellant, with a previously formed design to kill the deceased, prepared himself with the instrument by which he sought to accomplish it, and when he entered the room with the design thus previously formed, struck the deceased in the back of the head and killed him, it was murder prompted by the motive to rob him of his money. Under the facts of this case, the law prescribes the penalty that may be assessed, and since the jury was authorized by law in assessing the penalty, we would not be justified in holding that the punishment is excessive. See Burrows v. State, 143 S. W. (2d) 609; Elliott v. State, 289 S. W. (2d) 406.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.