Johnson v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-90-162-CR





CLARA SIMMONS JOHNSON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. CR89-0292-A, HONORABLE JOHN E. SUTTON, JUDGE



 





PER CURIAM


 Following a plea of guilty, the trial court found appellant guilty of delivering less
than 28 grams of cocaine. 1983 Tex. Gen. Laws, ch. 425, § 6 [now codified as Tex. Health &
Safety Code Ann. § 481.112 (Supp. 1991)]. The court assessed punishment at imprisonment for
79 years and a $5,000 fine. 

 In point of error one, appellant argues that the trial court's judgment is invalid
because it erroneously recites (1) that appellant pleaded not guilty to the offense in paragraph one
of the indictment and (2) that findings of true were entered to the enhancement allegations in
paragraphs two and three of the indictment. The record shows that, at trial, appellant changed
her initial plea of not guilty to one of guilty. The trial court then admonished appellant as to the
consequences of her plea. The record also shows that, at the punishment hearing, the State
waived the two prior convictions alleged for enhancement and that no plea was entered to them. 
The trial court announced that it would "proceed with punishment as a first degree felony." 

 An appellate court may reform the trial court's judgment. Tex. R. App. P. Ann.
80(b) (Supp. 1990). Because this Court has the necessary information before it, we reform the
judgment to reflect that appellant pleaded guilty to the offense of delivery of less than 28 grams
of cocaine and that no plea or finding was made on enhancement. Joles v. State, 563 S.W.d 619
(Tex. Cr. App. 1978); Vasquez v. State, 477 S.W.2d 629 (Tex. Cr. App. 1972). We overrule
point one.

 In point of error two, appellant contends that the sentence of 79 years' confinement
plus a $5,000 fine is excessive and constitutes cruel and unusual punishment. U.S. Const. amend.
VIII; Tex. Const. Ann. art. I, § 13 (1984); Tex. Code Cr. P. Ann. art. 1.09 (1977). When the
sentence assessed is within the limit prescribed by statute, the punishment is not cruel and
unusual. Samuel v. State, 477 S.W.2d 611 (Tex. Cr. App. 1972); Burrows v. State, 143 S.W.2d
609 (Tex. Cr. App. 1940). Appellant's sentence fell within the range authorized for the offense. 
Tex. Pen. Code Ann. § 12.32 (Supp. 1991). We overrule point two.

 As reformed, the judgment of the trial court is affirmed.



[Before Chief Justice Carroll, Justices Jones and Smith]

Affirmed

Filed:  May 15, 1991

[Do Not Publish]