**Charles WILSON, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 06–03–00172–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted April 29, 2004.
Decided June 24, 2004.

Deborah S. Holmes, State Counsel for Offenders, Staff Attorney, Huntsville, TX, for appellant.

Alwin A. Smith, Assistant District Attorney, Texarkanna, TX, for appellee.

Before ROSS, CARTER and CORNELIUS,* JJ.

## OPINION

Opinion by Justice CORNELIUS (Retired).

A jury convicted Charles Wilson of aggravated assault arising from a melee among inmates at a prison facility during which Wilson stabbed Charles Warner several times. Wilson's punishment, enhanced by prior convictions, was set by the jury at fifty years' confinement.

Wilson's only contention on appeal is that the evidence is legally and factually insufficient to support the conviction for aggravated assault because it does not show that the injuries suffered by Warner constituted serious bodily injury.

A person commits aggravated assault if the person commits an assault and the person causes serious bodily injury to another. TEX. PEN.CODE ANN. § 22.02(a)(1) (Vernon Supp.2004). Serious bodily injury is defined as, among other things, bodily injury that creates a substantial risk of death. TEX. PEN.CODE ANN. § 1.07(a)(46) (Vernon Supp.2002).

* William J. Cornelius, Chief Justice, Retired,    Sitting by Assignment.

In a criminal case, the evidence is legally sufficient to support the conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The Texas Court of Criminal Appeals recently refined the standard for reviewing factual sufficiency. In *Zuniga v. State*, No. 539-02, —— S.W.3d ——, ——, 2004 WL 840786, at *7, 2004 Tex.Crim.App. LEXIS 668, at *20 (Tex.Crim.App. Apr. 21, 2004), the court held that, when an appellant challenges the factual sufficiency of the evidence, the reviewing court must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in reaching its verdict beyond a reasonable doubt. *Id.* There are two ways in which the evidence may be factually insufficient. First, the evidence supporting the verdict, if considered alone, may be too weak to support the jury's finding beyond a reasonable doubt. *Id.* Second, if—when weighing the evidence supporting and contravening the conviction—the reviewing court concludes the contrary evidence is strong enough that the state could not have met its burden of proof, then the evidence must be held to be insufficient. *Id.* "Stated another way, evidence supporting guilt can 'outweigh' the contrary proof and still be factually insufficient under a beyond-a-reasonable-doubt standard." *Id.* If the evidence is factually insufficient, the reviewing court must reverse the judgment and remand for a new trial. *Clewis v. State*, 922 S.W.2d 126, 135 (Tex.Crim.App.1996).

The determination of whether injuries constitute serious bodily injury as defined by the statute must be made on an ad hoc basis. *Moore v. State*, 739 S.W.2d 347, 352 (Tex.Crim.App.1987); *McCoy v. State*, 932 S.W.2d 720 (Tex.App.-Fort Worth 1996, pet. ref'd). And, in determining this issue, the relevant inquiry is the extent of the injury as inflicted, not after its effects have been ameliorated by medical treatment. *Brown v. State*, 605 S.W.2d 572, 575 (Tex.Crim.App. [Panel Op.] 1980); *Barrera v. State*, 820 S.W.2d 194, 196 (Tex. App.-Corpus Christi 1991, pet. ref'd).

According to the medical testimony, Warner had six penetrating stab wounds to his lower chest and abdomen, which affected his heart, spleen, liver, and intestines. His heart had fluid around it, probably due to a stab wound. His spleen was injured by a stab wound. His liver appeared to have been injured by one of the stab wounds, and other areas of his abdomen had distortion and abnormalities probably related to the stab wounds. After the injuries, Warner was first taken to the emergency unit at the prison and later was transferred to a hospital and placed in the intensive care unit. He stayed in intensive care for some twenty-four hours. The doctors considered surgery, but after observing Warner carefully for awhile, they decided not to do surgery unless his condition worsened. He was given antibiotics, and after four days was returned to the prison.

Wilson contends there is legally and factually insufficient evidence to show that Warner received serious bodily injuries. He makes this contention primarily because some of the medical testimony was that Warner's injuries *could* cause a substantial risk of death, not that they did cause such a risk. We reject this contention. Together with all the other evidence, there is specific and direct evidence from Dr. Norris that Warner suffered life-threatening injuries that created a substantial risk of death. Dr. Norris testified in part as follows:

[ON DIRECT:]

Q ... [W]ithout the medical intervention that y'all performed for Mr. Warner, was there a—in your opinion was there a substantial risk of death if he had not been treated and seen by a doctor?

A The wounds that he sustained were in the areas of significant vital function. The heart, the lungs, abdominal—intra-abdominal structures that if they had actually had significant injuries, would have created a life-threatening situation for him.

. . . .

[ON CROSS:]

A There was blood in the pericardial cavity, which is the cavity that contains the heart. One millimeter more, it would have been in the heart. That's a significant injury.

. . . .

Q It wasn't a life-threatening injury.

A It was a potential life-threatening injury, . . . .

. . . .

Q Because it was not one millimeter more, it wasn't an injury that presented a substantial risk of death.

A That's your interpretation, but that's not a medical interpretation.

Q Well, we're talking about legal ...

A That's fine. You can talk legal all you want, but medically, he had a life-threatening injury.

. . . .

[ON RE–DIRECT:]

Q Doctor Norris, one last little thing. One of the last questions you answered to Mr. Nash, is it your opinion that Mr. Warner on that day and on that occasion was an extremely lucky individual?

A Yes.

Q Somebody else standing in the same place as Mr. Warner potentially could have died from those injuries?

A · I have had many other patients in the same circumstances who were seriously injured or did die from those circumstances.

We find that the jury could have rationally found from all this testimony that Warner suffered injuries that created a substantial risk of death. We thus conclude there is legally and factually sufficient evidence to support the conviction. *See, e.g., Hart v. State,* 581 S.W.2d 675 (Tex.Crim.App. [Panel Op.] 1979); *Boney v. State,* 572 S.W.2d 529 (Tex.Crim.App. [Panel Op.] 1978); *Garcia v. State,* 17 S.W.3d 1 (Tex.App.-Houston [1st Dist.] 1999, no pet.).

For the reasons stated, we affirm the judgment.