Charles Clay Wilson, Pro Se

Wynne Unit, T.D.C.J.-I.D.# 521150

810 F.M. 2821 W.

Huntsville, Texas 77349

14,884-12

RECEIVED IN
COURT OF CRIMINAL APPEALS
NOV 12 2015
Abel Acosta, Clerk

Charles Clay Wilson

Acts in Pro Se as counsel and criminal law in Pro Se on his own

behalf.


In the office of the Clerk

Abel Acosta, Clerk

P.O. BOX 12308, Capitol Station, Austin, Texas 78711

Sir/or Madam,

Please be advised this Notice of Appeal to the Supreme Court of Texas is hereby

given time within 15 days as required by Tex. Code of Crim. Proc. Ann. Art. 44.01

(a) e.g. Appellant acknowledges the courts notice from the Court of Criminal

Appeal in cause No. Tr. Ct. No. 02f0236-102; WR-14,884-11, on 9/30/2015.

On this date or day, the Original Application for Writ of Mandamus has been received

and presented to the court on 10/21/2015. Appellant received notice from the

Court of Criminal Appeals of Texas in Tr. Ct. No. 02f0236-102; WR-14,884-11

on 10/21/2015 has this day advise that the court has denied without written

order, Motion for Leave to file the criminal application for Writ of Mandamus.

IN THE COURT OF CRIMINAL APPEALS

OF TEXAS

AUSTIN, TEXAS

| Charles Clay Wilson | § | |
| Relator Pro Se | § | WR-14,884-11 |
| | § | Tr. Ct. No. 02f0236-102 |
| VS | § | |
| | § | |
| The Court of Criminal Appeals | § | |
| of Texas | § | |
| | § | |

## APPELLANT'S MOTION TO PUBLISH

To the Honorable Court of Criminal Appeals of Texas:

Now comes Charles Clay Wilson, Appellant, pursuant to Tex. R. App. P. 47.2(b) and files this Motion to Publish, and move this Honorable court to publish the opinion issued in the above-styled and number cause, for the following good and sufficient reason, to wit:

On 10/21/2015, this court denied Appellant's without written order motion for leave to file the original application for Writ of Mandamus. And in doing so, failed to consider important issues regarding the application of due process of law to constitutional right to address Notice of not filing a criminal complaint and a criminal proceeding, that is illustrated by our Motion for Leave to file Original Application for Writ of Mandamus filed that date.

Tex. R. App. P. 47.4 sets forth standards for publication of appellate opinion. Rule 47.4(b) provides that an opinion should be published if it, "invovles issues of constitutional law or other legal issues important to the jurisprudence of Texas."

1.

Appellant contends the order denying without written order, Motion for Leave to File the Original Application for Writ of Mandamus, the opinion in this case, fits squarely within 47.4(b). See UILSON V STATE, 139 S.W. 3d 104 (Tex. App.-Texarkana, 2004). As shown by our motion, Motion for Leave to File the Original Application for Writ of Mandamus filed herewith, our arguement, the full panoply of rights afforded an accused in a criminal prosecution under our system of jurisprudence should equally apply to a wrongful unconstitutional conviction that deprived Appellant of his U.S. Constitutional right to due process of law and his due course of law under the Texas Constitution. The trial court lacked the jurisdiction to hear and try and convict Appellant upon an indictment in Tr. Ct. No. 02f0236-102. That was illegally returned without a criminal complaint being filed. The conviction is null and void since no complaint was embraced in the transcript on appeal, see COMPOSE V STATE, 141 S.W. 2d 344, 139 Tex. crim. 411; HUMPHREYV STATE, 99 S.W. 2d 600; PETERSON V STATE, 732 S.W. 2d 22; DILTZ V STATE, 119 S.W. 92, 52 Tex. Crim. 127(Cr. App. 1909); INDICTMENT AND INFORMATION key 41(2); ROBINSON V STATE, 7 S.W. 531 (Tex. App. 1888); STATE V BISHOP, 921 S.W. 2d 765, see also WILSON V STATE, 139 S.W. 3d (Tex. Crim. App. Texarkana, 2004).

Appellant seeks to have this Honorable court to issue a recall order to vacate the original opinion and mandate, in Wilson V State, 139 S.W. 3d 104, supra, since it comes to the attention of this Honorable court that Appellant was cited for writ abuse and (11.07 Sect. 4 V.A.C.C.P.). The trial court and the 5th court of appeals, both lacked jurisdiction to hear or try the case. The judgement and sentence of 50 years, is null and void. Since no complaint was filed in this case, no complaint in court record exists, and no complaint was embraced in the transcript on appeal, the judgement and sentence and opinion and mandate

2.

must be recalled and vacated and a new opinion and mandate be issued to show a dismissal of this case and cause No. 02f0236-102, and appeal No. 06-03-0172-CR, which resulted in illegally being thy incarceration is an important issue of Constitutional law.

PRAYER

WHEREFORE, Appellant prays this Honorable court for all above and foregoing reasons, GRANT this Motion to Publish, and ORDER the opinion in this cause to be published.

Respectfully submitted

/s/ *Charles Wilson*

Charles Clay Wilson

T.D.C.J.-I.D.# 521150

Wynne unit

810 F.M. 2821 W.

Huntsville, Texas 77349

## CERTIFICATE OF SERVICE

I hereby certify on this 6 day of November, 2015, a true and correct copy of the above and foregoing Appellant NOTICE OF APPEAL, was mailed, First Class, to the Clerk of the Court of Appeal of Texas, P.O. Box 12308 Capitol Station, Austin, Texas 78711.

/s/ *Charles Wilson*

Charles Clay Wilson

T.D.C.J.-I.D.# 521150

Appellant, Pro Se

Charles Clay Wilson                     §

   Relator                              §

                                 §       WR-14,884-11

     Vs                               §       Tr. Ct. No. 02f0236-102

                                 §

The Texas Court of Criminal Appeals     §

       Respondant                     §


## NOTICE OF APPEAL

### THE COURT DENIED WITHOUT WRITTEN ORDER MOTION FOR LEAVE TO FILE

### THE ORIGINAL APPLICATION FOR WRIT OF MANDAMUS


    To the Honorable Court of Criminal Appeals:

Comes now, Charles Clay Wilson, Relator Pro Se in this above action on

this _10_/_21_/2015 date and within 15 days of this court denied without written

order motion for leave to file the Original Application for Writ of Mandamus,

having been pronounced against Relator, files this written NOTICE OF APPEAL,

the court written order denied without written order motion for leave to

file the Original Application for Writ of Mandamus, from the Texas Court

of Criminal Appeals, Respondant.

    Relator gives his NOTICE OF APPEAL to the Supreme Court of Texas.

WHEREFORE, promises considered, Relator prays this NOTICE OF APPEAL be entered

entered of record with this date, ___/___/2015. And that further proceedings

be stayed pending the disposition of this appeal.


                                 *Charles Clay Wilson*

                                 Signature of Attorney or

                                 Pro Se counsel for Relator

Charles Clay Wilson  §

    Relator  §    WR-14,884-11

    Vs.  §    Tr. Ct. No. 02f0236-102

    §

The Texas Court of Criminal  §

Appeals,  §

    Respondant  §

    §

## NOTICE OF APPEAL

To the Honorable Judge of said court:

The Texas Court of Criminal Appeals, by and through the Justices of the above Court of Criminal Appeals, advised that the court has denied the Without Written Order Motion For Leave to File the Original Application for Writ of Mandamus, and within 15 days of the Court of Criminal Appeals' court order, filed this NOTICE OF APPEAL to the Supreme Court of Texas.

The order appealed from is an order described order listed in Tex. Code of Crim. Proc. Ann. Art. 44.01(a) e.g. dismissing the case since the trial court lacked jurisdiction to hear or try the cause # 02f0236-102, and appeal cause No. 06-03-00172-CR. Since the Court of Appeals for the 5th District of Dallas was required by law to reverse and dismiss the above cause for lack of jurisdiction, neither court has obtained jurisdiction to try nor to hear nor to render any judgement, sentence or appeal opinion. Mandate and judgement should be vacated and dismissed since there exists evidence on the face of the trial court record on direct appeal that clearly shows that there is NO "CRIMINAL COMPLAINT" which must be embraced in th etranscript on appeal in cause No. 06-03-0172-CR, and Tr. Ct. No. 02f0236-102.

1.

See COMPOSE V STATE, 141 S.W. 2d 344, 139 Tex. Crim. 411; HUMPHREY V STATE, 99 S.W. 2d 600; PETERSON V STATE, 732 S.W. 2d 22; DILTZ V STATE, 119 S.W. 92, 56 Tex. Crim. 127 (cr. App. 1909); INDICTMENT AND INFORMATION key 41 (2); ROBINSON V STATE, 7 S.W. 531 (Tex. App. 1888); STATE V BISHOP, 921 S.W. 2d 765. See, WILSON V STATE, 139 S.W. 3d 104(Tex. App. Texarkana 2004) Relator is entitled to have the order denying him the constitutional right to redress this Honorable court since he has no other remedy available to him, since the state court cited abuse of the Writ of Habeas Corpus against him in the state and Federal courts in cause No.s W89-96891-RCG); WR-14,884-10 ; 3:15-CV-0194-G W89-96891-R(E) WR-14,884-02 (B.H) WR-14,884-03 3:96-CV-2271-H; 3:03-CV-3015 (R, 2005 WL 1017829 *1 (N.D.TEX April 28 2005) (N.D.TEX.) Adopted by 2005 WL 1163314 N.D Tex May 16,2005 Fifth Cir Wilson 2005 WL 1163314*1 Relator seeks this Honorable court permission to overrule the Court of Criminal Appeals' order denying Relator the right to be "Granted" his motion for leave to file original petition for Writ of Mandamus since the court of criminal appeal rendered an unconstitutional order denying Relator to be granted his DUE PROCESS OF LAW nad DUE COURSE OF LAW RIGHTS by the U.S. Constitution and Texas DUE PROCESS OF LAW and DUE COURSE OF LAW to request the Texas Court of Criminal Appeals to grant him the permission to prosecute his Writ of Mandamus since he has that constitutional right to redress the court, or any higher court that has proper jurisdiction to hear his claim by way of Writ of Mandamus; Since the trial court and the 5th Court of Appeals of Dallas acted without jurisdiction to hear or to try and convict him without jurisdiction, and the Appellate court abused its authority to grant a dismissal of the case: Since the trial court records clearly show their is no criminal complaint embraced in the transcript on appeal, neither court had jurisdiction to hear or render any judgement and sentence and opinion and mandate in this case, in Tr. Ct. No. 02f0236-102, and appeal

2.

No. 06-03-0172-CR, other than to dismiss the case for lack of jurisdiction. See WILSON V STATE, 139 S.W. 3d 104(Tex. App. Texarkana, 2004).

Relator contends since the state D.A. and the Grand Jury returned an indictment without a criminal complaint, deprived trial court of lack of jurisdiction since noone swore out any criminal complaint in this case, and they cited Relator for abuse of Writ of 11.07, sec. 4, V.A.C.C.P., he has no other remedy since he has been cited for writ abuse. Tex. Const. Art. V § 5 and 28; Art. 44.01, Relator requests to vacate order denying him the Motion for Leave to file Original Application for Writ of Mandamus, and grant him his NOTICE OF APPEAL, and to vacate order denying the Relator Motion for Leave to File original Application for Writ of Mandamus, see STATE OF TEXAS EX REL JOHN B. HOLMES, DISTRICT ATTORNEY, APPLICANT V. HON. WOODY R. DENSON, 248 DISTRICT COURT, RESPONDANT, CITED AS 671 S.W. 2d 896, 1984, Tex. Crim. App. Lexis 690 No. 69,257, decided June 27, 1984. See also IN RE FUENTES, (¢) S.W. 2d 261; IN RE ROLLINS LEASING INC., 987 S.W. 2d 633. See also, the Authority of Texas Constitution, Art. 5 sect. 5; Art. 4.04 V.A.C.C.P. Relator alleges that Respondant exceeded his (or) her authority by issuing an order denying Relator Motion for Leave to file original Application for Writ of Mandamus. Mandamus is appropriate if " A Judge acts beyond his statutry authority WHITE V REITER, 640 S.W. 2d 586 (1982)..." held in blanc. The state D.A. and the Grand Jury both, violated Articles 2.03, 2.04, 2.05, 15.04, 16, 16.17, 21.22, and 27.01 of Tex. Code of Crim. Proc. By returning the indictment in 02f0236-102 without a criminal complaint being filed by any creditable person the state, and the D.A., and the Grand Jury

3.

violated V.A.C.C.P. 20.19 and 21.20. Thus conspiring and violating the Relator's constitutional rights to return a illegal null and void indictment without a criminal complaint, which deprived the trial court of its jurisdiction in this case.

Relator is entitled to have the cause reversed and vacated and dismissed with prejudice and the opinion and mandate be recalled and vacated and a new opinion and mandate granting Relator a Judgement of dismissal.

The Appellate court need not render for entry of judgement of acquital or dismissal, but may itself remder that judgement, e.g. BETY V STATE, 734 S.W. 2d 62-65 (Tex. App. Dallas 1987, pet. ref'd).


WHEREFORE promises considered, Relator respectfully requests and asks if this Honorable Justices find that the Respondant, the Court of Criminal Appeals, has overlooked the lack of the court jurisdiction cited above whether there is no court record of a criminal complaint embraced in th etranscript on appeal. The state D.A. and the trial court prosecuted Relator without a criminal complaint being filed by a creditable person who does not exist, nor is there any court record exist harging Relator with a crime, since noone filed a criminal complaint under Art. 2.03, 2.04, 2.05; also V.A.C.C.P. art. 21.22 and 27.01.

4.

WHEREFORE, promises considered, the Relator prays that this NOTICE OF

APPEAL be entered of record. And that further proceedings be stayed pending

the disposition of this appeal.


*Charles Clay Wilson*

Signature of Relator acting

as Pro Se counsel for

Relator