### I. OLIVARES V. THE STATE.

No. 17036. Delivered November 21, 1934.
Reported in 76 S. W. (2d) 140.

The opinion states the case.

*Wiseman & Murray,* of Floresville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for operating a commercial motor vehicle which was over the gross weight permitted by law. Punishment was assessed at a fine of twenty-five dollars.

The information found in the record recites that it is based upon the affidavit of a named party, which affidavit is "hereto attached and made a part hereof." There is no complaint attached to the information, or if so, it is not shown from the record, and no complaint appears anywhere in the record before this court. In such condition no jurisdiction is shown in the county court. See article 415 C. C. P. (1925); Wadgymar v. State, 21 Texas App., 459, 2 S. W., 768; Diltz v. State, 56 Texas Crim. Rep., 127, 119 S. W., 92; Day v. State, 105 Texas Crim. Rep., 117, 286 S. W., 1107. Other authorities are annotated in note 5 under said article 415, vol. 1, Vernon's Ann. Tex. C. C. P. No complaint appearing as a predicate for the information, it will be necessary for this court to reverse and direct the dismissal of the prosecution.

However, if the record could be amended to show a proper complaint, a reversal would be called for on the following grounds. Appellant was operating a truck, the license for which was issued to the Mead Ranch. Two highway officers, Miller and Rohatsch, stopped the truck on a public road. If Rohatsch was present at the trial he was not used as a witness. Miller testified that he weighed one side of the truck with portable scales; that Rohatsch weighed the other side, and that witness knew nothing about the reading of the scales on Rohatsch's side of the truck except what Rohatsch told him it weighed, and that from his actual knowledge as to what one side weighed and from what Rohatsch told him the other side weighed, the truck weighed 9500 pounds gross.

Appellant, by bill of exception, objected to the testimony of

Miller based, in part, upon what Rohatsch had told him, on the ground that the same was hearsay. There seems to be no escape from the fact that it was hearsay and that appellant's objection should have been sustained.

Appellant complained in his motion for new trial of misconduct of the jury. We do not discuss the matter at length although it presents a serious question. It will not likely occur upon another trial, and it is necessary to reverse the case upon other grounds.

The judgment is reversed and the prosecution ordered dismissed under the present record.

*Reversed and prosecution dismissed.*