## PAT GLASS V. STATE

No. 28,022. February 8, 1956.

Rehearing Denied March 28, 1956.

*Nat Friedman,* Houston, *Collins, Garrison, Renfrow & Zeleskey* [Henry H. Rogers, of Counsel] Lufkin, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady* and *Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is aggravated assault; the punishment, a fine of $200.00.

No statement of facts on the main trial accompanies the record.

The sole question presented for review is the sufficiency of the complaint which was signed and sworn to by Rose Marie Murray, a secretary in the district attorney's office.

Appellant's contention that the complaint is invalid has been recently overruled in Catchings v. State, (page 342 this volume), 285 S.W. 2d 233; Whiteside v. State, 286 S.W. 2d 137, and Lurie v. State, No. 27,851, (page 604 this volume).

All proceedings appearing regular and no reversible error appearing, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING

DAVIDSON, Judge.

In Kennedy v. State, 161 Tex. Cr. R. 303, 276 S. W. 2d 291, we held that a valid information could not be presented upon a complaint sworn to by an assistant prosecuting attorney. We endeavored to make it clear that such holding was founded upon the proposition that assistant prosecuting attorneys, when acting in their official capacities, so act not as assistants but as and for their principal. Upon that hypothesis, we concluded that an information presented by a prosecuting attorney upon the complaint of one of his assistants constituted nothing more nor less than a presentment of an information by the prosecuting attorney upon his own complaint.

We held that this would not only be contrary to public policy but would constitute no complaint at all, for the official administering the oath and attesting the jurat could not administer the oath to himself.

In Catchings v. State, (page 342, this volume), 285 S.W. 2d 233, we held that a valid information could be presented upon the complaint of a secretary employed in the office of the prosecuting attorney and that as to such person the rule announced in the Kennedy case, supra, did not apply.

The information, here, was presented upon the complaint of the same secretary as in the Catchings case.

Appellant insists that the Kennedy case is right and should be followed and that the Catchings case is wrong and should not be followed.

In its final analysis, appellant's position is that there is no basis for a distinction between the two fact situations, and that the secretary, as an employee, occupies the same position as does an assistant, in so far as the law is concerned.

The above discussion of the holding in the Kennedy case and that in the Catchings case evidences the distinction between the two. When the assistant acts, such act is the act of the principal; the employee's act is not the act of the principal.

We remain convinced that the Catchings case, supra, is here controlling.

Appellant's motion for rehearing is overruled.