**The STATE of Texas, Appellant,**

v.

**Larry Wayne BISHOP, Appellee.**

**No. 04–95–00259–CR.**

Court of Appeals of Texas,
San Antonio.

March 27, 1996.

---

7. *See, Hernandez v. State,* 914 S.W.2d 218 (Tex. App.—El Paso 1996, pet. filed).

Ana Markowski Smith, County Attorney, Del Rio, for Appellant.

Martin Underwood, Comstock, for Appellee.

Before RICKHOFF, HARDBERGER and DUNCAN, JJ.

## OPINION

HARDBERGER, Judge.

This is an appeal by the State from an order quashing the information in this case. Appellee, Larry Wayne Bishop, was charged by information with the offense of driving while intoxicated. The information in this case, and in the vast majority of cases filed in Val Verde County (Del Rio), are supported by the affidavit of Sonia Luna. Ms. Luna is the administrative assistant to County Attorney Ana Markowski. She is essentially the County Attorney's legal secretary. Typically, Ms. Luna swears out the affidavits based upon the police officer's report contained in the case file. The County Attorney then signs the information based on her secretary's affidavit. The secretary does not decide who is to be prosecuted. The secretary is not sworn in each time she signs one of these affidavits. Instead, the secretary and County Attorney have an understanding that each time she signs the affidavit she must consider herself sworn.

Bishop filed a motion to quash the information alleging (1) that the information was void because it was not based on a valid complaint; (2) that the affidavit was not properly sworn to; and (3) that the affiant or complainant was not a credible person. The trial court granted Bishop's motion without specifying the basis for granting the motion. The State appeals alleging two points of error.

In its first point of error, the State argues that the trial court erred when it quashed the complaint because the complaint was properly sworn to and therefore valid. The State admits that the complainant in this case was not actually sworn in the sense that she raised her hand and took an oath prior to signing the complaint. The State argues that the complainant does not have to actually swear to each individual complaint. According to the State, it is sufficient for the complainant to have an understanding with the prosecutor that every time she signed a complaint, she would consider herself sworn. The State seems to be arguing that the complainant/legal secretary in this case was perpetually sworn for purposes of signing complaints. While this practice is understandable and most likely results in administrative ease, it is not provided for in the Texas Code of Criminal Procedure.

■ "[N]o information shall be presented until affidavit has been made by some credible person charging the defendant with an offense." Tex.Code Crim.Proc.Ann. art. 21.22 (Vernon 1966). "A complaint that has

not been sworn to by a complainant is of no effect and will not support a prosecution based on information." *Morey v. State,* 744 S.W.2d 668, 670 (Tex.App.—San Antonio 1988); *see also Colbert v. State,* 166 TEX. CRIM.R. 431, 314 S.W.2d 602, 603 (App.1958). An affidavit requires that the affiant make a conscious and unequivocal act, in the presence of an officer authorized to administer an oath, that causes him or her to assume the obligations of an oath. *Morey,* 744 S.W.2d at 670; *see also Vaughn v. State,* 146 TEX. CRIM.R. 586, 177 S.W.2d 59, 60 (App.1943). "A complaint, reduced to writing and verified by an affidavit before an officer authorized to administer oaths, is an essential prerequisite to a prosecution by an information." *Morey, supra, see also Murphy v. State,* 132 TEX. CRIM.R. 202, 103 S.W.2d 765, 766 (Tex.Crim. App.1937). "If one was not sworn to before an official or a person in authority, it is not valid." *Morey, supra; see also Purcell v. State,* 317 S.W.2d 208 (Tex.Crim.App.1958).

The issue in this case was addressed in *Morey* where we held that a complaint signed by a secretary but not in the presence of anyone who could have administered an oath to her did not meet the requirements of 21.22. *See Morey,* 744 S.W.2d at 670. We are bound to follow our prior decision in *Morey.* The State attempts to distinguish this case from *Morey* by arguing that the secretary here did not testify that she was not sworn to in the presence of the prosecutor. The pertinent testimony in our case is set forth below:

Q. Do you, in fact, in each individual case, go before Mrs. Markowski and raise your right hand and swear to each of these individually, or do you just have a general agreement somehow that you have been sworn?

A. We just have a general agreement.

Q. So you don't actually go 750 times a year before Ms. Markowski and are actually sworn in on an individual basis?

A. No, we don't.

■ Clearly, the secretary in our case testified that she and the prosecutor had an agreement that she considered herself sworn when she signed the complaints. The factual situation in *Morey* was identical to this case. There we stated:

The secretary signed the complaint as its affiant but did not do so in the presence of anyone who could have administered an oath to her.... Months earlier, the secretary had been told by the County Attorney that when she signed complaints she should consider herself as having been placed under oath.

*Morey,* 744 S.W.2d at 670. The situation just described is exactly the same situation we have here. As in *Morey,* we conclude that the requirements of 21.22 have not been met. The improper procedure used in this case for making affidavits make it unable to support a prosecution by information. Appellant's first point of error is overruled. Because the improper affidavit is a sufficient basis by itself for quashing the information, there is no need for this court to address the State's second point of error.

The judgment is affirmed.