Date September 28/2015 A.D.

14,884-11

Mr. Charles Clay Wilson
T.D.C.J.-CID#521150
John M. Wynne Unit
810 FM 2821
Huntsville, Texas 77349

In the office of
Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 30 2015

Abel Acosta, Clerk

For The court of Criminal Appeals
P.O. Box 12308, Capital Station
Austin, Texas 78711

This document contains some
pages that are of poor quality
at the time of imaging.

RE: Relator's Motion for leave to file for a Writ of Mandamus and Relator's
Application for a Writ of Mandamus.

To the Honorable Abel Acosta, Clerk,

Please be advised that I'm the above relator in this action.

I'm a indigent offender incarcerated at the T.D.C.J.-CID John M. Wynne Unit

Prison. I'm only able to send the original copy of the above motion for

leave to file for a Writ of Mandamus and relator's application for a Writ

of Mandamus to be filed and brought to the Honorable Justices or Judges att-

ention for their disposition and hearing concerning the state Prosecutor and

the trial court lacked jurisdiction to try or to hear this case.in T/C NO.

#02F0236-102: and Appeal NO.06-03-00172-CR was void and the opinion, judge-

ment. Mandate,must be recalled and dismissed for lack ofnjurisdiction in

absent of a criminal accusation does not exist and the state prosecutor and

the grand jury conspired to violate the relator's due process right and due

course of law right. To illegally vote to indict relator without a criminal

accusation complaint.

Relator request this Honorable Court to issue a order directing Abel Acosta,

Clerk to make the required 11 copies of the above Relator's indigent motion

for leave to file for a Writ of Mandamus and relator's application for a

Writ of Mandamus since T.D.C.J.-CID indigent officials will not supply rel-

ator with the proper amount of typing paper to make the required 11 copies

1

of this action, Therefore I'm requesting this Honorable Court to aid relator in this action due to his inablity to meet the required 11 copies for this Honorable Court use's and to send a additional copy to the State Attorney. Thank You for your time in this matter of Great Consideration and this matter to me.


Respectfully Submitted by:

Charles Clay Wilson TDCJ-CID#521150
John M. Wynne Unit
810 FM 2821
Huntsville, Texas 77349

2

IN THE
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

| | | |
|---|---|---|
| IN RE: CHARLES CLAY WILSON | § | APPEALS CAUSE NO. |
| RELATOR | | 06-03-00172-CR5 |
| v. | § | ON APPEAL FROM |
| IN THE COURT OF APPEALS | | THE 102nd JUDICIAL |
| 6th. Supreme Judical District | § | DISTRICT COURT OF |
| OF TEXAS | | BOWIE COUNTY, TEXAS |
| TEXARKANA, TEXAS, RESPONDANT | § | T/C NO.#02F0236-102 |

MOTION FOR LEAVE TO FILE
PETITION FOR A WRIT OF MANDAMUS

TO THE HONORABLE JURISTS OF SAID COURT:

Comes now CHARLES CLAY WILSON, Relator, Pro-se without the aid of counsel.
And for good reason files this motion for leave to file petition for a Writ
of Mandamus. Therein complaining of The Court of Appeals for the Sixth
Supreme Judicial District of Texas, by it's failure to perform its minis-
terial duties in the manner required under The Applicable Law and Fact, by
viewing the relevant evidence in the light most favorable to the verdict of
it's review of factual sufficiency of the essential of the offense to affirm
the judgement of the trial court. Respectfully, in support, the following
matters are submitted:

I.
HISTORY OF THE CASE

(1). It appears from the trial court records in cause NO.#02F0236-102. The
State of Texas District Attorney or his Assistant District Attorney's inte-
ntionally and knowingly return a void indictment without filing a criminal
complaint theres no critable person who sworn out no criminal accusation com-
plaint.

The State and the Trial Court lacked jurisdiction to illegally sworn inaa
jury to try and convict and hear the illegal cause #02F0236-102 which vio-
lates the relator U.S. Constitution Rights to Due Process and also to vio-

3

lates his rights under Texas Constitution of Due Course of Law.

The State District Attorney can not proceed to prosecute an information or indictment in cause #02F0236-102 Alony, A criminal complaint must be embraced in the transcript on appeal in cause#06-03-00172-CR.

See Compos v. State, 141 SW2d 344,139 Tex.Crim.411; Ho v. State, 856 SW2d 495, rehearing denied; Naff v. State, 946 SW2d 529 rehearing overruled; State v. Bishope, 921 SW2d 765; Ramon v. State, 159 SW3d 927, 930=32(Tex. Crim.App.2004); House v. State, 947 SW2d 251-53(Tex.Crim.App.1997); Brown v. State, 921 SW2d 227,229-30(Tex.Crim.App.1991); See Humphfey v. State, 99 SW2d 600 131Tex.Crim.383; Peterson v. State, 732 SW2d 22 PDR Dismissed 781 SW2d 933.

## II.
## HISTORY OF THE CASE
### ILLEGALLY TRIED AND APPEALED

Relator was indicted incause #02F0236-102 and was tried by a jury found relator Charles Clay Wilson guilty of the offense of Aggravated Assault the 102nd District Court of Bowie County,Texas in cause NO. 02F0236-102 styled the State of Texas v. Charles Clay Wilson, 134 SW3d 104(Tex.App.Texarkana 2004).(NO.06-03-00172-CR). The judgement was affirmed on appeal. Wilson's the relator petition for P.D.R. was refused on December 8,2004.Wilson v. State, 1215-04 Relator Wilson's first state writ application was filed on March 10,2005 and was dismissed or denied on June 22,2005.

Relator Wilson's second state writ application was filed on July 14,2005 and was dismissed inder the state subsequent writ statute on January 4,2006.

## III.
### STATE COURT RECORDS⁒

The state's available Wilson's the relator state court records have previously been forwarded to this court.

## IV.
### STATEMENT OF FACTS

A illegal enpaneled pitty jury' who lacked jurisdiction to hear or to try

the relator due to the State of Texas Bowie county District Attorney or his Assistant District Attorney return a void indictment without a criminal accusation complaint being filed by a critable person does not exist in none of the state court records. The state is prohibited by the state legislature precluded a state prosecutor from presenting an information "Until affidavit has been made by some credible person charging the defendant with the offense." The affidavit shall be filed with the information; Article 21.22 Supra. Such an affidavit is of course a complaint within the meaning of Article 15.04 V.A.C.C.P. "In other words a prosecuting attorney is not authorized to institute prosecutions in the county court upon his act or of his own volition". Kennedy v. State, Supra, at 294, 161 Tex. Crim. 303, 276 SW2d 291(1955).

One may not be "Both the accuser and the prosecutor is misdemeanor cases." Wells v. State, 516 SW2d 663, at664(Tex. Crim. App. 1974); Compare Glass v. State, 162 Tex. Crim. 598, 288 SW2d 522(1956); catchings v. State, 162Tex. Crim. 342 SW2d 233, at234(1955).

If the indictment is to be considered the charging instrument, where is the jurat??

The indictment is merely a presentment by the grand jury consequent to a verified criminal accusation. So whose affirmation is verified on that primary accusation?

"State of Texas v. Carroll Pierce 109 125(91).1991.Tex.41404; 816 SW2d 824. See also chapter 16 Texas Code of Criminal Procedure, surely this practice of indictment without criminal accusation can not be based on past practice of some assumption of implied power. The State violated the following authorties Mallory v. U.S. 77 S.Ct.1356, 354 U.S.449(U.S. 06/24/1957); See H.R.Thomas v. State, 1 29 Tex. Crim. 628 at 632; 91 SW2d 716; 1935 Tex. Crim. App. 557. The State District Attorney violates the following Art's 2.03, 2.04 2.05 Texas Code of Criminal Procedures. See also Chapter 16 T.C.C.P. See

5

also Art. 16.17c.c.p. See also 20.19,21.20, 21.22, 27.01, 15.04 of[V.A.C.C.P] With no proper criminal accusation in the court record, There is no accused and the court is without jurisdiction over relator. See William T. Gholson the court held:

"Therefore it is the complaint alone and not any other affidavit given in support of arrest or search warrants, which determines the validity of the information. Holland v. State, 623 SW2d 651(Tex.Crim.App.1981).William T. Gholson v. State of Texas(06/23/83).TX.41167; 667 SW2d 16; See also J.W. Winans v. State, 135 Tex.Crim.102; 117 SW2d 81:1938 Tex.Crim.App.584; see also Clivares v. State, 765 SW2d 140. The judgement is reversed and the prosecution ordered dismissed.

No complaint appearing as a predicate for the indictment in cause 02F0236-102 it will be necessary for this court to reverses and direct the dismissal of the prosecution. Article 415 Vol.1 Vernon's Ann.Tex.C.C.C.P. See Olivares v. State, 127 Tex.Crim.316; 76 SW2d 140; 1934 Tex.Crim.App.Lexis 42. This practice of allowing a grand jury to act without a criminal complaint, then allowing prosecutors to innore the clear requirement of Art's 2.03, 2.04, 2.05 Tex.C.C.P. however long it may havebeen practice is simply not in compliance with statutory stipulations. See also 13 AM Jru proof of fact 3d, 21 See Mcnell v. Dept. of Social Services(1978) 436 U.S. 658 and Soell v. McDanial(1987 CAt nc) 824 F2d 1380). See also Const.,Tex.Code of Crim.Pro. by Art.1 sec.9; J.M Thornberry v. State, 3 Tex.ct.App.36 1877 Tex.Crim.App. 202(emphasis added).

The indictment cannot be the sole sourse of jurisdiction as the Grand Jury is instructed to vote on a criminal accusation. The prosecutor willaargue that the Grand Jury is specifically give the power and the duty to investigate into matters. See Art.20.09 T.C.C.P. See also chapter 16 C.C.P. the District attorney is forbidden to swear out a criminal complaint. See also Art.21.22 presentment entered record see in Peter B. Peterson v. State,Texas

(12/20/84) 1989 Tex.41854:781 SW2d 1933, See Art's 27.01,and 21.20 V.C.C.P.
See also Kennedy v. State, 161,Tex.Crim.303,276 SW2d 291(1955).

## V.
## JURISDICTION

(1). This Honorable court has jurisdiction over the parties and the subject matter under the authority of Article V. section 5 and 6 of the Texas Constitution [V.T.C.A. TEX.Const.] See Section 22.221 of the Texas Government Code uV.T.C.A. Gov't Code]. And Article 44.25 of the Code of Criminal Procedure [V.A.C.C.P.].

## VI.
## GOOD FAITH BELIEF

(1). Leave for the filing of the petition for a Writ of Mandamus is not sought to burden this Honorable Court. Or respondent. But to see justice served. It is the good faith belief of relator that by reviewing or viewing all the evidence in the light most favorable to the verdict the court of appeal did not preform its ministerial duties required by the relevant law of facts. In consideration had the appeal court used the proper standard of review required to determine the factual sufficiency of evidence that was used in establishing the elements and viewed the relevant evidence in a neutral light it would have found that the state did not prove that relator was responsible for perpetruting the Aggravated Assault and the verdict to be so contrary to the overwhelming weight of the evidence to be clearly wrong and manifestly unjust.

Relator futher cliam that the state district attorney failed to file a criminal complaint it does not exist and the relator illegally restraint since no person has made a criminal accusation against relator which is necessary to render the state's jurisdiction.

Relator has been made to answer an infamous crime which no one has accused relator of committing. Therefore the state of Texas is restricting relator at his liberty without authority or jurisdiction. Where prosecution for theft

proceeded in the county court on an information and no complaint was embraced in the transcript on appeal, That court was without proper jurisdiction in the absence of a complaint. See Compos v. State, 141 SW2d 344, 139 Tex.Crim.411; Ho v. State, 856 SW2d 495 rehearing denied; Naff v. State 946 SW2d 529 rehearing overruled; State v. Bishpoe 921 SW2d 765; Gholson v. State, 667 SW2d 168 P.D.R. refused; V.A.C.C.P. Art's 15.04, 21.22 Baldauf v. State, 456 SW2d 136, Prosecution cannot proceed upon an information or indictment along. Humphfey v. State, 732 SW2d 22 P.D.R. Dismissed.

## VII.
### RIGHT TO RELIEF SOUGHT

(1). Relator has no adequate remedy at law, but does have a clear undisputable legal right to relief sought under the relevant law of facts and the act sought to be compelled is ministerial and constitutional and jurisdictional.

The respondant the State of Texas District attorney return a void and illegal Grand Jury Indictment without a complaint being filed the State's District Attorney abused his power of office to indict relator violates Art's 2.03, 2.04, 2.05, 15.04. 21.22, 27.01, 20.19, See in RE Guerra 235 SW3d at 432-439 note 17, See also235 SW2d 432-444-445. See Kennedy v. State, 276 SW2d 291 161 Tex.Crim.303; Peterson v. State, 781 SW2d 993.

The State District Attorney is prohibited by law to be both the accuser and the prosecutor See also Wells v. State, 516 SW2d 663-664(Tex.Crim.App.1974) Glass v. State, 162nTex.Crim.598 288 SW2d 522(1956) Catchings v. State,162 Tex.Crim.342, 285 SW2d 233 at 334(1955).

The State District Attorney and the trial judge lacked jurisdiction to hear or try relator upon a illegal indictment in cause #02F0236-102 was returned by the State without a complaint violated relator due process right's.

## VIII.
### CONCLUSION AND PRAYER

(1) Wherefore premises considered, relator respectfully asks this Honorable

8

Court to grant leave for filing of the petition for a writ of mandamus. This providing him with a means to have this wrongful matter complained of rectified in the matter prescribed under law.

Grant the relief deemed just and proper.

Relator seeks a new opinion and judgement mandated in cause #06-03-00172-CR be issued and a dismissal of this action be reversed and dismissed with prejudice.

(2) So move and pray for that in all things this motion be granted.

Respectfully Submitted,

*Charles Clay Wilson*

Charles Clay Wilson#521150
John M Wynne Unit
810 FM 2821
HUnsville, Texas 77349
Relator Pro-se

7

## UNSWORN DECLARATION

Pursuant to the provision of title 6. Texas Civil Practices and Remedies Code Chapter 132§ 132.001 et. seq, the following declaration is made under the penalty of perjury:

I Charles Clay Wilson Relator TDCJ-CID#521150 being presently confined in the Texas Department of Criminal Justice Correctional Institutions Division at the John M. Wynne Unit located at 810 FM 2821 Huntsville, Texas 77349 by my signature below hereby declare under penalty of perjury that the allegation made in the motion for leave to file petition for writ of mandamus to the ~~best~~ best of my knowledge are true and correct.

Executed on this the 28 day of September, 2015 A.D.

Signed,

Charles Clay Wilson

Charles Clay Wilson, Relator, Pro-se

10.

## CERTIFICATE OF SERVICE

I Charles Clay Wilson, Relator, TDCJ-CID#521150 by my signature below certify that the original copy of the motion for leave to file petition for Writ of Mandamus were sent on the date below to the clerk of the court of criminal appeals for Texas by United States mail.

Relator is totally indigent and can only afford the one original copy is all that I could afford to draft up. If the court requires eleven copies then relator respectfully request this Honorable Court be ordered to make the additional copies that this Honorable Court requires since relator can not afford to make the additional copies due to TDCJ-CID Indigent official have a limit on writing paper to twenty-five sheets at a time and one ink pen as needed. Five carbon papers with exchain. Relator respectfully request this court to make the additional ten copies to total to the eleven copies as required by law. Thank You.

Signed by _Charles Clay Wilson_
Charles Clay Wilson
Relator, Pro-se

Executed on this __28__ day of __Setember__ 2015.



## IN THE COURT OF CRIMINAL APPEALS
## AUSTIN, TEXAS

| | | |
|---|---|---|
| IN RE: CHARLES CLAY WILSON | § | Appeal Cause No. |
| Relator | § | #06-03-00172-CR |
| v. | | |
| | § | ON APPEAL FROM THE |
| THE COURT OF APPEALS | | 102nd Judicial |
| FOR THE SIXTH SUPREME | § | District Court of |
| Judicial District of Texas | | Bowie County, Texas |
| Texarkana, Texas, Respondant | § | T/C NO.#02F0236-102 |

### PETITION FOR A WRIT OF MANDAMUS

Comes now Charles Clay Wilson, Relator, Pro-se without aid of counsel. And for good reason files this petition for Writ of Mandamus seeking relief from the court of appeal for the Sixth Supreme Judicial District of Texas committed reversal error by not dismissing the case because the criminal complaint must be embraced in the transcript on appeal Compos v. State, 141 SW2d 344, 139 Tex. Crim. 411; Humphreys v. State, 99 SW2d 600; peterson v. State, 732 SW2d 22, PDR Dismissed 781 SW2d 933.

This honorable court lacked jurisdiction to affirm relator's appeal when it appear that the State of Texas District Attorney and the trial court 102nd Judicial District Court of Bowie County, Texas lacked jurisdiction to try or hear this case since the State District Attorney illegally indicted relator without a criminal complaint being filed by a credible person does not exist in none of the trial court records. And the Texas State legislature procluded a state Prosecutor from presenting an information "Until "Until affidavit has been made by some credible person charging the defendant with an offense". The affidavit shall be filed with the information. Article 21.22 Supra. Such an article affidavit is of course a complaint within the meaning of article 15.04 V.A.C.C.P.

1.

In other words, a prosecuting attorney is not authorized to institute prosecutions in the county court or district ccurts upon his independent act or of his own voilition. Kennedy v. State, SUPRA, at 294,161 Tex.Crim.303, 276 SW2d 291(1955). One may not be "Both the accuser and the prosecutor in misdemeancr or felcnys cases".Wells v. State, 516 SW2d 663,at 664[Tex.Crim. App.1974]Compare Glass v. State, 162 Tex.Crim.598,288SW2d 522 (1956);Catching v. State, 162 Tex.Crim. 342 SW2d 233,at 234(1955). If the indictment is to be considered the charging instrument,where is the jurat?

The indictment is merely a presentment by the grand jury. Consequent to a verified criminal accusation. So whose affirmation is verified cn the primary accusation? State of Texas v. carroll Pierce (09/25/91) 199,Tex.41404 816 SW2d 824 See also Chapter 16 Texas Code of Criminal Procedure,surely this practice of indictment without a criminal accusation cannot be based on past practice of some assuption of implied power.

## I.

The State District Attorney voilated the following authorties. Mallory v. U.S 77 S.Ct 1356, 354 U.S 449 [U.S. 06124(1957)] See H.R. Thomas v. State 129 Tex.Crim.628 at 632; 91 SW2d 716;135 Tex.Crim.App.557. The State District rict Attorney voilates the following Art's 2.03, 2.04, 2.05 Tex.Cod.Crim. Pro. See also Chapter 16 Tex.Code of Crim.Pro.See also Art's 15.04, 16.17, 20.19, 20.20, 21.20, 21.22, 27.01[V.A.C.C.P.]. Without or with no proper criminal accusation in the court record there is no accused and the court and the state is without jurisdiction over relator. See in William T. Gholson the ccurt held:"Therefore it is the complaint alone, and not any other affidavit given in support of arrest or search warrants which determines the validity of the information. Holland v. State, SW2d 651(Tex.Crim. App.1981) William T. Gholson v. State of Texas(06/23/1981)1983 Tex.41167;

667 SW2d 16. Also see J.W. Wirars v. State, 135 Tex.Crim.102; 117 SW2d 81: 1938 Tex.Crim.App.584; See also Olivares v. State, 76 SW2d 140. The Judgement is reversed and the prosecution ordered dismissed.

## II.

Relator futher contends no complaint appearing as a predicate for the indictment in cause NO.#02F0236-102 it will be necessary for this court to reverse and direct the dismissal of the prosecution. See article 415 vol.1. vernon's ann. Tex.C.C.P. See Olivares v. State, 127 Tex.crim.316; 76 SW2d 140; 1934 Tex.Crim.App.Lexis 42.

This practice of allowing a grand jury to act without a criminal complaints then allowing prosecutors to ignore the clear requirement of Art's 2.03, 2.04,2.05 Tex.C.C.P. However, long it may have been practice is simply not in compliance with statutory stipulations. See also 13 AM JUR proof of fact 3d,21. See monell v. Dept. of Social Services[1978] 436U.S.658 and also Soell v. McDaniel (1987 CA4 NC] 824 F.2d 1380]. See also Const.Tex.cod.Crim. Pro.by Art. 1 sec9. J.M. Thornberry v. State, 3 Tex.ct.App.36 1877 Tex.Crim. App.202[emphasis added]. The indictment in cause#02F0236-102 cannot be the sole cf jurisdiction as the grand jury is instruction to vote on a criminal accusation. The prosecution will argue that the grand jury is specifically give the power and the duty to investigate into the matter. See Art.20.09, Tex. C.C.P. see also chapter 16 Tex.C.C.P. The District Attorney is forbidden to swear out a criminal complaint. See also Art.21.22. Presentment entered record see in Peter B. Peterson v. State of Texas (12/20/89) 1989 Tex.41854 781 SW2d 933,See Art's 27.01 and 21.20V.A.C.C.P. Also see Kennedy v. State, 161 Tex.Crim.303, 276 SW2d 291(1955).

## JURISDICTION

(1). This Honorable court has jurisdiction over the parties and suject matter under the authority of Article V. Section 5 and 6 of the Texas Constitution [V.T.C.A.Const.] See section 22.221 of the Tex Govt Code [V.T.C.A.Gov't Cod]

And Article 44.25 of the Code of Criminal Procedure[V.A.C.C.P.]See the Authority cited in State EX Rel.Hill v. Pirtle Cite as 887 SW2d 921[Tex.Crim. App.1994].

## GOOD FAITH BELIEF

Relator's conviction must be reversed and set aside and dismissed where the evidence is insufficient to support conviction was unconstitutional obtained and where the court's records on appeal clearly show there no complaint embraced in the transcript on appeal the case must be dismissed. Compos v. State,141 SW2d 344, 139 Tex.Crim.411.Humphrey v. State, 99 SW2d 600;Peterson v. State,732 SW2d 22; Diltz v. State,119 SW2d 92 56 Tex.Crim.127(Crim. App.1909)Indictment and information key-41(2);Robinson v. State,7 SW2d 531 (Tex.App.1888);State v. Bishope, 921 SW2d 765;Relator contends that "If an appellate tribunal finds that the evidence is insufficient to support the conviction or the trial court lacks jurisdiction to hear or try and appeal a case where there is no criminal complaint embraced in the transcript on appeal the relator is entitled to an acquittal or dismissal under rule 43 (2) of the rule of appellate procedure [authorizing court of appeal to render the judgement that the court should have rendered],The Appellate court need not remand for entry of judgement of acquittal or dismissal but may itself render that judgement.e.g. Baty v. State, 734 SW2d 62-65(Tex.App.Dallas1987, pet.REF'D).

## III.
## ISSUE PRESENTED

(1). Whether the Appeal Court had jurisdiction to hear or to review the relator's appeal when there exist clear evidence on the face of the trial court records that clearly shows that there is no criminal complaint must be embraced in the transcript on appeal in T/C NO.#02F0236-102,and appeal NO.#06-03-00172. See Compos v. State, 141 SW2d 344, 139 Tex.Crim.411;Humphrey v. State 99 SW2d 600;Peterson v. State,732 SW2d 22; Diltz v. State, 119 SW2d 92, 56 Tex.Crim.127(Crim.App.1909).Indictment and information key 41 (2);

4.

4

Robinson v. State, 7 SW2d 531(Tex.Crim.App.1888); State v. Bishop, 921 SW2d 765. Since respondant the court of appeals and the State District Attorney and the trial judge lacked jurisdiction to try or to hear the case and to render it's opinion and judgement in T/C NO.#02F0236-102; Appeal NO.#06-03-00172-CR were nulled and voided since the state of Texas and the trial court lacked jurisdiction and since there was no criminal complaint embraced in the transcript on appeal. Respondant is entitled to a dismissal be reordered in this case. And the respondant's opinion affirming the trial court judgement and fifty (50) years sentence be set aside and dismissed citing the above Authorities SUPRA.

IV.
STATEMENT OF FACTS

(2). Relator contends that a jurisdiction error can be raised at anytime. relator seek to be release from a illegal judgement and sentence for fifty years that is nulled and voided and the indictment in cause NO.#02F0236-102 was illegally return by the district Attorney or his Assistant District Attorney's. Without a criminal complaint that does not exist in the records and nor was there any criminal complaint embraced in the transcript on appeal.

See realtor's trial court records in T/C NO.#02F0236-102. See also relator appeals court records in 06-03-00172-CR. See the opinion in Wilson v. State 139 SW3d 104(Tex.App.Texarkana 2004).

"STATE COURT RECORDS"

Relator's Wilson available state court records has previously been forwarded to this court.

[STATEMENT OF FACTS]

The respondents court of appeals summarzed the facts as follows: A jury convicted Charles Clay Wilson of Aggravated Assault arising from a male among inmates at a prison facility during which charles Clay Wilson allegelly surposely stabbed Charles Warner several times. Wilson's punishment enhance by prior convictions was set by the jury at fifty years confinement.

Wilson's court appointed attorney at trial and on appeal on behalf of rela-

5.

tor only contention on appeal is that the evidence is legally and factually insufficient to support the conviction for aggravated assault because it does not show the conviction for aggravated assault because it does not show that the injuries suffered by Warner constituted serious bodily injury. A person committs aggravated assault if the person commits an assault and the person cause serious bodily injury is defined as among other bodily injury ethat creates a substantial risk of death. Tex.Pen.Cod.Ann.§1007 (A)(46)(Vernon's SUPP.2002).

The respondent affiated relator convictions for fifty years cited in Wilson v. State, 139 SW3d 104(Tex.App.Texarkana 2004). Relator court records clearly show that the relator was not legally charged with the criminal offense of aggravated assault since there's no credible person exist and no person appeared before the District Attorney and swore out any affidavit criminal accusation complaint or a criminal complaint. The State prosecutor is prohibited by the legislature precluded a prosecutor from presenting a information "Until Affidavit has been made by some credible person charing the defendant with an offense" And also mandated the affidavit shall be filed with the information; Article 21.22 Supra.

Such an affidavit is course a complaint within the meaning of Article 15.04 V.A.C.C.P. In other words a Prosecutor Attorney is not authorized to institute prosecution in the county or District Court upon his independent act or of his own volition.

Kennedy v. State, 161 Tex.crim. 303 SW2d 291(1955), Opinion onnmotion for rehearing at 664). The Prosecutor indicted relator in cause NO.#02F0236-102 without a complaint being legally filed there is no Criminal complaint filed in the court records nor is there any Criminal accusation complaint or Criminal complaint embraced in the transcript on Appeal which violate Compos

s

v. State, 141 SW2d 344(Tex.Crim.App.1940).139 Tex.Crim. 411; Humphrey v. state, 99 SW2d 600(Tex.Crim.App.)131 Tex.Crim.383.

Relator is being illegally restrained at his liberty by the respondent court of appeal herein after referred tc as "Respondent" without jurisdiction or charge being properly filed in any court of jurisdiction.

## REASON RESTRAINTS IS ILLEGAL

Relator resraint is illegal as no person has made a criminal accusation against relator which is necessary to render the state jurisdiction.

## ARGUMENT IN SUPPORT OF WRIT OF MANDUMUS

Relator has been made to answer for an infamous crime which nc one has accu sed him of committing. Therefore,the State of Texas is restricting him at his his liberty without authority or jurisdiction .

Relator was charged by indictment in cause NO.#02F0236-102 and a warrant issued from the District clerk however is no complaint in the court's record to support the warrant and nor the indictment in #02F0236-102.

The current cause raises significant question about how the grand jury came to indict relator in this cause was initiated by the grand jury, what reason or person had personal knowledge that relator committed some crime and by what method does that person avoid the civil duty of filing a proper crim- inal accusation? Relator futher contends that that "If the grand jury did not come by the knowledge on it's own but by way of the Prosecuting Attorney then the prosecutor must be viewed as the accuser. However,such would create an untenable conflict. In Peter B Peterson v. State,of Texas(12/20/89). 1989.Tex.41854; 781 SW2d 1933.

## THE COURT HELD:

"An information is a primary pleding inaa criminal action on the part of the state" Article 27.01 V.A.C.C.P.;Awritten pleading in behalf of the state drawn filed and presented by a prosecuting attorney charging an accused with an offense that may be prosecuted under the law. Article 21.20 V.A.C.C.P.

In order to protect it's citizens from the inherent dangers arising from the concentration of power in anyone individual". Kennedy v. State,161 Tex.Crim, 303, 276 SW2d 291(1955) Opinion on motion for rehearing at 664).The legislature precluded a prosecutor from presenting an information "Until affidavit has been made by some credible person charging the defendant with an offense" And also mandated. The affidavit shall be filed with information""Article 21 21.22SUPRA. Such an affidavit is of course a complaint within the meaning of Article 15.04 V.A.C.C.P.

In other words a prosecutor attorney is not authorized to institute prosecutionssin the county of District Court upon his independent act or of his or her own volition. "Kennedy v. State,SUPRA, at 294.One may not be both the accuser and the prosecutor is misdemeanor of felony cases. "Well v. State, 516 SW2d 663,at 644 Tex.App.1974".Compare Glass v. State, 162 Tex.Crim. 598, 288 SW2d 522); Catching v. State, 162 Tex.crim. 342, 285 SW2d 233 at 234(1955).

Relator contends that "If the indictment is to be considered the charging instrument. Where is the jurat?

If the indictment is to be considered the charging instrument, where is the jurat? The indictment is merely a presentment by the grand jury. Consequent to a verified criminal accusation. So whose affirmation is verified on that primary accusation?

In State of Texas v, Carroll Pierce the court held: A valid complaint is a prerequisite to a valid information, Hollard v. State, 623 SW2d 651,652(Tex. Crim.App.1981) Without a valid complaint the information is worthless.William v. State, 133 Tex.Crim. 39, 107 SW2d 996,997(Tex.Crim.App.1937). A jurat is the certificate of the officer before whom the complaint is made stating that it wassworn to and subscribed by the applicant before the officer. Carpenter v. State, 153 Tex.Crim. 99, 218 SW2d 207, 208 (Tex.Crim,App.1949).

A jurat is essential, for with it the complaint is fatally defective and will

8.



not support an information. Shackelford v, State, 516 SW2d 180(Tex.Crim.App. 1970).

The jurat must be dated and signed by the official character See 22 Tex. Jur 3d, criminal law section 2266 at 490. Thus a complaint not sworn to before any official or person in authority is insufficient to constitute a basis for a valid conviction. Nichols v. State, 171 Tex.Crim. 42, 344 SW2d 208(Tex.Crim. App.1961) (Citing Purcell v. State, 317 SW2d 208(Tex.Crim.App. 1958); See also Eldridge v. State, 572 SW2d 716,717 n.1(Tex.Crim.App. 1978); Wheeler v, State 172 Tex.Crim. 21,353 SW2d 463(Tex.App. 1988,NO PET). Even where the jurat on the complaint reflects that it was sworn to before a name person to act, the complaint is void.

Johnson v. State, 154 Tex.Crim. 257 SW2d 644(Tex.Crim.App. 1950);Smola v. State, 736 SW2d 265,266(Tex.App. 1987,NO PET).

The complaint is also void where the jurat contains no signature but only shows the office "Such as County Attorney of Jones County, Texas". Carter v. State,398 SW2d 290 (Tex.Crim.App.1966), when a jurat showed that the complaint had been sworn to before "Lavern I. McCann, Hockley County,Texas", The complaint was insufficient to support the information. Carpenter 218 SW2d at 208-209, in the early cases of Neiman v. State, 29 Tex. Civ.APP. 360,16 SW2d 253( (Tex.Crim.App.1891).

The complaint was sworn to before "WM. Greer J.P." itnwas held that the letters "J.P." an official who had the authority to administer the oath".

When a jurat on a complaint show that the oath was administered to the relator-Applicant by a party designed as county attorney but who is reality is an assistant county attormey, The complaint is void. Thomas v. State, 169 TEX.CRIM. 369,324 SW2d 291,292(Tex.Crim.App.1960_;Also see Aleman v. State, 162 Tex. Crim. 265,284 SW2d 719(Tex.Crim.App.1956)'Stalculp v. State, 99 Tex.Crim. 279,

9.

269 SW3d 1043,1045(Tex.crim.App.1925). When the assistant or deputy is authorized by law to administer the oath himself he may not administer it in the name of his principal and may not certify that the principal administered the oath by and through him as an assistant. Goodman v. State, 85 Tex.Crim. 279, 212 SW 2d 171(Tex.Crim.App.1919) State of Texas v. Carroll Pierce(09/25/91).Tex.41404, 816 SW2d 824.

If the instrument was prepared and presented to the grand jury by the prosecutor. Who then is the accuser and by what authority did the prosecutor initiate a prosecution by present of an indictment to the grand jury? To avoid situations were the state stands as both accuser and prosecutor procedures were put into place directing the grand jury in how it would proceed. In the current cause, these procedures have been abridged in such a fashion so as to deny the accused in his right, specifically to deny relator-applicant in his right to know and face his accuser.

THE TEXAS CONSTITUTION

ARTICLE 1⁴ BILL OF RIGHT

SECTION 10-RIGHTS OF ACCUSED IN CRIMINAL PROSECTIONS

In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury. He shall have the right to demand the nature and cause of the accusation against him and to have a copy thereof. He shall not be compelled to give evidence against himself,and shall have theright of being heard by himself or counsel or both. Shall be confronted by the witness against him and shall have compulsor v. process for obtaining witnesses in his favor. Except that when the witness reside out of state and the offense charged is a voilation of any of the Anti-Trust Laws of this State. The defendant and the State have the right to produce and to have the evidence admitted by deposition under such rule and law as the legislature may hereafter provide; and no person shall be held to answer for a criminal offense,unless on an indictment of a grand jury except in cases in which the punishment is by fine or imprisonment. Other wise than in the penitentiarys in cases of imprisonment and in cases arising in the army or navy or in the military when in actual

10.                    10

service in time of war or public danger.(Amended Nov 5,1918).[Emphasis Added]. And to deny Relator-Applicant opportunity to head off this whole process through the presentation of Exculpatory evidence at the proper examing trial. An examing trial is defined by the Texas code of criminal Procedure by Article 2.11 as follows:

TEXAS CODE OF CRIMINAL PROCEDURE BY ARTICLE 2.11 [35] [62] [63] Examing Court when the magistrate sit for the purpose of inquiring into a criminal accusation tion against any person, this is called an Examing court.

Relator-Applicant has been indicted yet no one has made a criminal accusation against him: No credible person has presented any criminal accusation to any magistrate; and no court clerk ever received any criminal accusation against relator-applicant from an examing court. Neither has any clerk kept said complaint and other documents has in said hearing safe and delivered them to the next Grand Jury.

In the TDCJ-INSPECTOR GENERAL INVESTIGATION DIVISION it conducteda inproper investigation by Julian Compos In case NO.#01-0341 TDCJ unit of Telford, Julian Compos submitted what is referred to as a"CASE DISPOSITION" to Bobby Lockhart Bowie County District Attorney's Office who attempted to file criminal charges against the relator-applicant Charles Clay Wilson,charge with pc.22.02. This case disposition document failed to show that it was signed by a magistrate Judge to show probable cause to bring relator-applicant to justice..Tex.cod.Crim.Pro.Article's 2.03, 2.04, 2.05 29,35,36, 21.22,21.20, 27.01 16c.c.p,

"If the offense be a felony he shall forthwith file the complaint with a magistrate of the county,However in the felony complaint and affidavit is all along and not any other affidavit giving support valid its of the affidavit complaint information. Holland v. State, 623 SW2d 651(Tex.crim.App.1981)".

Article 20.19 Texas code of Criminal procedure instructs the Grand Jury as follows:

11.

Texas Code of Criminal Procedure Article 20.19 [391] [442-443] Grand Jury shall vote. After all the testimony which is accessible to the grand jury shall have been giving in respect to any criminal accusation, the vote shall be taken as to the presentment of an indictment, and if nine members concur in finding the bill. The foreman shall make memorandum of the same with such data as will enable the attorney who represents the state to write the indictment.[emphasis added] by what legal mechanism did the grand jury vote on a non-existent criminal accusation? An examination of the code will reveal no other method of bringing an indictment.

This power of the grand jury to act without a criminal accusation has the effect of circumventing criminal procedures carefully crafted by the legislature and codified in chapter 16 Texas Code of Criminal Procedure. Specifically, by branted this implied power to the grand jury, Relator-Applicant is denied in his right to an examination into the sufficiency of the allegation before he be subject to answer to an infamous allegation. Surely this practice of indictment without criminal accusation cannot be based on past practice or some assumption of implied power. In Thomas v. Stater the court held:

"A matter not included within a penal statute should not by judicial construction be read into it because in so doing the judiciary would unsurf the functions of the legislature. The legislative intent should be ascertained from the words of the act itself".H.R Thomas v. State, 129 TEX.CRIM. 628, at 632; 91 SW2d 716;1935 Tex.Crim.App.557.

If the statute are read and followed, there is no reomofor assumption or implication. The statute creat a corpus juris which stipulates a procedure designed to insure a criminal complaint is always present as the primary pleading in a criminal cause, an information is always property prepared,

12.

/12

and both are presentedotohtheocourt having jurisdiction and the grand jury. IN Mallory v. U.S. the court held: "The awful instrument of the criminal law can not be entrusted to a single functionary. The complicated process of criminal justice is therefore divided into different parts. Responsibility for which is separately vested inkthe various participants upon whom the criminal law relies for it vindication." Mallory v. U.S, 77 S.Ct.1356, 354 U.S.449(U.S 06/24/1957). It seem in the instant cause the grand jury voted without securing the jurisdictionprovided by a criminal accusation. When the foreman of the grand jury requested an indictment be drawn up, the prosecutor has a clear duty to advise the foreman of the need for a proper criminal accusation. Also he was certainly by the request 'o prepare anindictment and evidence presented tohim made known that a public official had violated a law relating to his office. Article2.03 Texas C.C.P. clearly directs the prosecuting attorney in these matters as follows: TEXAS C.C.P. Art. 2.03[27][33][34] neglect of duty (A). It shall be the duty of the attorney representing the state to present by information to the court having jurisdiction, any officer for neglectior failure can be presented by information, whenever it shall come to the knowledge of said attorney that there has been a neglect or failure of duty upon the part of said officer and he shall bring to notice of the grand jury any act of violation of law or neglect or failure of duty upon the part of any officer. When such violation neglect or failure is not presented by information and whenever the same may come to his knowledge. I assert the forman of the grand jury is giving NO SPECIAL POWER to act outside statutory boundaries. When the forman made it known to the prosecuting attorney that a crimenhad been committed, he did not do so in some implied special capacity, but rather as a singular citizen. The grand jury could not "find the bill" as there was no criminal accusation on which to vote. So when the forman made notification to the prosecuting attorney that a crime has been committed, the prosecutors duty was clear.

13.

As no court was ever been notified that a crime has been committed. The prosecutor had a clear duty to take a criminal complaint from the foreman of the grand jury, some grand jury member or any other credible person having knowledge or reason to believe a crime has been committed.

He was then commanded by article 2.04 Texas Code of Criminal Procedures as follows:

Texas Code Criminal Procedure Article 2.04 [28] [34] [35] shall draw complaint. upon complaint being made before a district or county attorney that an offense has been committed in his district or county, he shall reduce the complaint to writing and cause the same to be signed and sworn to by the complaintant, and it shall be duly attested by said attorney.

He was then required to act in accordance with article 2.05 Texas Code of Criminal Procedure:

Texas Code of Criminal Procedure Article 2.05 [29] [35] [36] whencomplaint is made: If the offense be a misdemeanor, the attorney forthwith prepare an information based upon such complaint and file the same in the court having jurisdiction; provided that in counties having no county attorney. Misdemeanor cases may be tried upon complaint along without an information, provided, however in counties having one or more criminal district courts an information must be filed in each misdemeanor case. If the offense be a felony, he shall forthwith file the complaint with a magistrate of the county.

With no proper criminal accusation in the court record there is no accused and the court is without jurisdiction over applicant. In William T. Gholson the court held: Therefore it is the complaint along, and not any other affidavits given in support of arrest or search warrants which determines the validity of the information.

Holland v. State, 623 SW2d 651 (Tex.Crim.App.1981)
William T.Gholson v. State Texas (6/23/83)1983.Tex.41167; 667SW2d 16.

14.

See also, J.W Winans v. State:

Opinion:

Graves, Judge--The offense chamed is for violating the local option liquor laws, the punishment assessed being a fine of $300.00.

The record is before us without a complaint being incorporated therein. We have herefore held that a complaint being or is necessary in order to confer jurisdiction upon the county ccurt. See Art. 415 C.C.P.:

McQueen v, State, NO. 19521. Opinion this court handed down [page 74 of this volume] and Olivares v. State, 76 SW2d 140.

The Judgement is reversed and prosecution ordered dismissed [***2] J.W Winans v, State, 135 Tex.Crim. 102: and Olivares v. State.

Hawkins, Judge--conviction is for operating a commercial motor vehicle which was over the gross weight permitted by law. Punishment was assessed at a fine of twenty-five dollars. The information found in the record recites that it is based upon the affidavit of a named party, which affidavit is "Here to attached and made a part hereof." There is no complaint attached to the information, or if so, it is not shown from the record, and no complaint appears anywhere in the record before this court. In such condition no jurisdiction is shown in the county court. See Art. 415 C.C.P(1925): Wadgymar v. State, 21 Tex.Crim. 127, 119 SW2d; Day v. State, 105 Tex.Crim. 117, 286 SW2d 11077.

Other authorities are annotated in note 5 under said art. 415, vol. 1 vernons ann. Tex.C.C.P. No complaint appearing as a predicate for the information, it will be necessary for this court reverse and direct the dismissal of the prosecution.

I. Olivares v. State, 127 Tex.Crim. 316; 76 SW2d 140; 1934 Tex.Crim.App.Lex.42

This practice of allowing a grand jury to act without a criminal complaint.

Then allowing prosecutors to ignore the clear requirement of Art.2.03,2.04, and 2.05 Tex.Cod.Crim.Pro.However long it may have been practice, is simply not not in compliance with statutory stipulations.

13 AM Jru Proof of facts 3d.21

"Without having been directly authorized,tacitly encouraged, or even inadequately trained, police officers, like other public employees, may fall into patterns of unconstitutional conduct. This can result from a variety of factors not sufficiently traceable in origin tc any fault of "Municipal Policy" in the monell sense (Monell v. Dept of Social Services (1978) 436 U.S 658 and Soell v. McDaniel (1987 CA 4 NC) 824 F.2d 1380).

If these unconstitutional practices become suffiiiently wide spread,however, they may assume the quality of "Custom or usage" which has the force of law." (emphasis added). I find nothing in law to support the notion the legislature intend to dispense with the primary pleading in felony cases. I find much about the criminal accusation properly presented by some credible person, as being the simple document upon which jurisdiction lies,in J.M Thornberry v. State the ccurt held:

"Winkler J. from all we can gather from the transcript of the record the information upon which the appellant was tried and convicted was filed without any written affidavit that any offense against the law had been committed by the defendant; and without this the information was worthless insufficient to support a conviction."

"The bill of rights declares,among other things, that NO WARRANT TO SEARCH any place or seize any person or things shall issue without describing them as near as may be nor without probable cause. Supported by oath or affirmation." Const. Tex.Cod.Crim.Pro.Art.1.sec9. This declaration being among high powers excepted out of the general powers of government, is placed beyond the control of courts and legislatures" J.M. Thornberry v. State, 3Tex.Ct.APP.36:1877 Tex.Crim.App.202(emphasis added).

16.

3

The indictment cannot be the sole source of jurisdiction as the grand jury is instructed to vote on a criminal accusation. The prosecutor will argue that the grand jury is specifically given the power and duty to investigate into matters. Texas Code of Criminal Procedures Art. 20.09 [38] [432] [420] duties of grand jury. The grand jury shall inquire into all offenses liable may have knowledge, or of which they shall informed by the attorney representing the State or other credible person.

While the grand jury is giving the authority to act as criminal investigators, nothing extends that permission to acting against a person absent a proper criminal accusation. While a prosecuting attorney is specifically forbidden to swear out a criminal complaint. Nothing so restricts a grand jury member like any other criminal investigator. If a grand jury member come to knowledge that some person has committed a criminal act. That member has the same civic duty any other citizen has to report the crime by verified affidavit such such that the accused may be brought before some magistrate and the allegation examined in accordance with the practices, procedures and protections contained ined in Chapter 16 Code of Criminal Procedure. This is made even more certain by article 20.22 Tex.Cod.Crim.Pro.: Texas Code of Criminal Procedure art. 20.22 [394] [446] [434] presentment entered of record.

The fact of presentment of indictment by grand jury be entered upon the minutes of the court. If the defendant is in custody or under bond, nothing briefly the style of the criminal action and the file number of the indictment and the defendant's name. If the defendant is not in custody or under bond at the time of the presentment of indictment the entry in the minutes of the court relating to said indictment shall be delayed until such time as the capias is served and the defendant is placed in custody or under bond(emphasis added). Since the capias is a form of warrant, it cannot issue absent a pro-

17.
4

per criminal accusation in the ocurt record. The legislature never intended any person be indicted until such time has he had opportunity to defend him/herself at an examining trial. By this restriction indictment by ambush as this one certainly is, would be avoided. Such power to act absent the due course of laws, not specifically given may not be assumed or implied. When the grand jury attempted to indict applicant-relator with no criminal accusation on which to vote, it was the duty of prosecutor to so advise them that they were without jurisdiction absent a criminal accusation. That Bowie County District Attorney Bobby Lockhart either in person or through one of his functionaries, refused to advise the grand jury of something so basic to jurisdiction as a proper criminal accusation may not be considered mere oversight. Having knowledge such a procedure would have the effect of denying relator applicant in his statutory and constitutional rights, which would most certainly have the effect of irrevocable harming him.

It was the duty of the prosecuting attorney upon being made known in any matter that a public official have violated a law relating to his office. To prepare a complaint have sworn to by the foreman of the grand jury, a grand jury member, or any credible person having knowledge or reason to believe a crime has been committed by the accused. He then had a duty to reduce the complaint to an information and submit both the clerk of the court having jurisdiction that the accused may have opportunity to be brought before said court in and a proper examining trial held. As the prosecutor went ahead and prepared an indictment without securing a complaint, it must be presumed he acted willfully for the purpose of denying relator-applicant in his rights carefully crafted by the legislature and down in Chapter 16 Tex. Cod.Crim. Pro.

The previous paragraph assumes the foreman of the grand jury petitioned the prosecutor in accordance with article 20.19. This assumption certainly begs

a question: Did the foreman of the grand jury petition the prosecutor after a vote had been taken; or did the prosecutor prepare an indictment and present it to the grand jury as a primary pleading in the case?

This question bears directly on concern of the court expressed in Kennedy v. State. The seminal case which strictly forbade the prosecutor from being both accuser and prosecutor also addressed another concern:

"There is still another reason why we should nct approve of the prosecutor acting in this dual capacity. To do so would be rendering a great disservice to the prosecuting fraternity. We know experience that a great many people would like to see thier neighbor fall into the clutches of the law but are reluctant to sign a complaint. To hold that the prosecutor might be both accuser and prosecutor would subject him to the accusation of misfeasance if he did not accede to the wishes of these reluctant accusers.

"Wilma Hazel Kennedy v. State, 161 Tex.Crim.303, 276 SW2d 291;1955 Tex.Crim. App.1397. Bring an indictment absent any civil rights protections afforded the accused is an outrageous breach of the public trust. Had the prosecutor acted in accordance with art. 2.03, 2.04 and 2.05 Tex.Cod.Crim.Pro. the proseution would have been in no way jeopardized and relator=applicant would hav have had opportunity to exercise his rights. He would have been able to have an examing trial before the case was presented to the jury. He may have been able to an examing trial to present evidence the grand jury might not have found in its investigation. That would demonstrate a total lack of probable cause and relator-applicant has been subjected to a void illegal trial, and judgement and sentence to 50 years in disgrace. We can't know this as the presumed practices used had the effect of denying relator-applicant in this right and opportunity.This particular cause goes to the particulars of a special statute. Article 2.03 Texas Code of Criminal Procedure stipulates a practice outside the normal criminal procedure. It specifically directs the

19.

6

prosecuting attorney in specific circumstances regarding public officials. The duty required here is essentially the same as for crime by citizens, but the legislature saw fit to take care to special emphasis on matters concerning public officials. Therefore it should be read to mean precisly what it states that the prosecuting attorney shall prepare an information. Even if the court would read "SHALL" to mean "MAY" it would still be obligatory as "MAY". Jeopardized and relator-applicant would have had opportunity to exercise his rights. He would have been able to have an examining trial before the case was presented to the grand jury. He may have been able at an examining trial to present evidence the grand jury might not have found in its investigation that would demonstrate a total lack of probable cause and relator-applicant would not have had to be subjected to a void illegal trial and judgement and sentence for 50 years in disgrace since the state and trial court lacked jurisdiction failure to file a proper criminal affidavit complaint to properly charge relator with a crime under Texas State law. We can't know this as the presumed practices used the effect of denying relator-applicant in this right and opportunity.

This particular cause goes to the particulars of a special statute. Article 2.03 Texas code of Criminal Procedure stipulate a practice outside the normal criminal procedure.

An examination of the court record will reveal no criminal complaint charging relator with a crime so the district attorney or one of his functionaries went ahead and prepared an indictment without securing a complaint, it must be presumed he acted willfully for the purpose of denying relator of his rights carefully crafted by the legislature and laid down in Chapter 16 Texas Code of Criminal Procedure.

An examination of the court record will reveal no information prepared by the

20.

prosecuting attorney and presented to the court having jurisdiction, neither will you find a criminal accusation that must be in evidence in order to support the information. Prosecutor was directed to prepare and provide the court with jurisdiction neglecting to advise the grand jury about Article 20.19 T.C.C.P. and the need for a criminal accusation serves a policial purpose for prosecutor. Had prosecutor advised the grand jury they could not vote on a non-existent accusation and requested one from the foreman a member of the grand jury, or a credible person, ha would have had a duty to file same with the court having jurisdiction.

The filing of a complaint with some magistrate would start the due course of law with the holding of an examining trial. Either to secure a warrant for relator's-applicant's would have had opportunity to appear at an examining trial and make a case for dismissal before indictment. The filing of the complaint with some magistrate would start the due course of law with the holding holding of an examining trial either to secure a warrant for relator's-applicant's arrest or with the appearance of relator-applicant by summons in either case relator-applicant would have had opportunity to appear at an examining trial and make a case for dismissal before indictment.

At this hearing a proper examination could have been had where in relator's-applicant's rights could have been protected. In the event of a finding of probable cause the magistrate would have been required by article 16.17 Tex.Cod.Crim.Pro. to perpare an order. Texas Code of Criminal Procedure 16.17 u261] [308] u296i decision of judge.

After the examining trial has been the judge shall make an order committing the defendant to the jail of the proper county. Discharging him or admitting him to bail. As the law and facts of the case may require. Failure of the judge to make or enter an order within 48 hours after the examining trial has been completed operates as a finding of no probable cause and the accused

21.



shall be discharged. This order would confer jurisdiction to theecourt. After the hearing the magistrate would have been required to seal all documents had in the hearing and forward them to the district clerk. Texas Code of criminal Procedure article 17.30 [296] [347] [335] shall certify proceedings the magistrate, before whom an examination has taken place upon a criminal accus accusation shall certify to all the proceedings had before him as well as where he dischargeds, holds to bail or commits and transmit them,sealed up, to the court before which the defendant may be tried.Writing his name across the seals of the envelope the voluntary statement of the defendant the testimony bail bonds and every other proceedingnin the case shall be thus delivered to the clerk of the proper court without delay. Upon receiving these documents a record of the accusation and the order bestowing jurisdiction on the the court would be in the court record. The district clerk would then have been directed to keep those papers safe and deliver them up to the next grand jury. Texas Code of Criminal Procedure 17.31 [297] [348] [336] duty of the clerk who receive such proceedings. If the proceedings be delivered to a district clerk he or she shall keep them safely and deliver the same to the next grand jury. If the proceedings are delivered to a county clerk he or she shall without delay deliver them to the district or county attorney of his or her county.

By these proceedures assuming the magistrate at the examining trial found probable cause, the grand jury would have been presented a proper criminal accusation on which could vote or accusation on which they could vote to true or no bill relator-applicant. Then ask the prosecutor to prepare a proper indictment.

Non of this happened and therefore the indictment handed down by the grand jury is void and worthless for any purpose.

22.

## PRAYER

A order directing respondant to recall its original opinion. Judgement and mandate be reversed and set aside and to issue a new opinion. Judgement and mandate be granted. And granted the relator a dismissal of the void criminal action in causes T/C #02F0236-102 and appeal cause #06-03-00172-CR be vacated and dismissed with prejudice.

A order directing respondant that if an appellate tribunal finds that the evidence is insufficient to support the conviction or the trial court lack jurisdiction to hear or to try and appeal a criminal case where there is no criminal complaint and nor was there a criminal accusation complaint embraced in the transcript on appeal. Relator is entitle to a dismissal or acquittal under rule 43(2) of the rule of appellate procedure [Authorizing court of appeals to render the judgement that the court should have rendered]; The appellate court need not remend for entry of judgement of acquiyyal or dismissal but may itself render that judgement e.g. Baty v. State, 734 SW2d 62-65 (Tex.App.Dallas 1987,pet,ref'd). And a order directing respondant to bring relator before the court and show by the court records due cause as to why relator is being restricted at his liberty;

A order directing of dismissal and setting aside the indictment in cause No. # against relator and setting relator to his liberty unencumbered by any restriction an order directing prosecutor to dismiss this case and the indictment be ordered dismissed with perjudice since the State prosecutor failed to abide by article 2.03, 2.04 and 2.05 Texas Code of Criminal Procedure.

Wherefore premises considered. Relator respectfully asks if this honorable jurists find that the respondant the court of appeals has over looked the lack of the courts jurisdiction cited up above where thereis no record of a criminal complaint embraced in the transcript on appeal the State and the trial court prosecuted relator without a criminal accusation complaint being filed by a credible person who does not exist nor is there any record exist relator is entitled to relief he cited up above in this prayer.

23.

The merits is undisputable and relator respectfully request this case be dismissed with perjudice and relator be ordered discharge from illegal custody by the TDCJ-CID executive director Brad Livingston be ordered to release relator by said order of this court since this case hereby render dismissed relator so moved and prayed for, that in all things this petition for Writ of Mandamus be granted.

Respectfully Submitted,

Charles Clay Wilson

Charles Clay Wilson

TDCJ-CID NO. #521150

Wynne Unit

810 FM 2821

Huntsville, Texas 77349

Relator, pro-se

24.

## UNSWORN DECLARATION

Pursuant to the provision of title 6, Texas Civil Practices and remedies code, Chapter 132§ 132.001 et. seg., The following declaration is made under the penalty of perjury.

I Charles Clay Wilson, Relator. TDCJ-CID NO.#521150 being at present confined in the Texas Department of Criminal Justice Correction Institutions Division, at the John M. Wynne Unit located in Walker County, Texas by my signature below hereby declare under penalty of perjury that the allegation made in the petition for Writ of Mandamus to the best of my knowledge are true and correct.

Executed on this the _____28_____th day of _Setember_____, 2015 AD.

Signed _Charles Clay Wilson_____
      Charles Clay Wilson-Relator Pro-se

### Certificate of Service

I, Charles Clay Wilson, Relator, TDCJ-CID NO.#521150 by my Signature below certify that the original copy of the petition for Writ of Mandamus on the date below was sent to the clerk of the court of criminal Appeals for Texas, by United States mail.

Executed on this the ____28_____th day of _Setember_____, 2015 A.D.

Signed _Charles Clay Wilson_____
      Charles Clay Wilson
      Relator, Pro-se

12

25.